## 37512. EDMONDS *v.* THE STATE.

CARLISLE, Judge. 1. The third special ground of the motion for new trial complains of the following portion of the charge: "Now in connection with the contention of the State that the speed, the alleged speed that the defendant was operating under was the proximate cause of the death in that, as they contend, that the defendant lost control of his truck because of that speed and, in connection with the defendant's contention, if the defendant lost control of his truck which there seems to be no serious issue on that question, if the defendant lost control of his truck it was due to a rough place in the road and not the speed at which he was operating, I charge you that if you should determine beyond a reasonable doubt that the truck was being operated at a speed in excess of that provided by law under the circumstances and, if that operation was a contributing proximate cause to the loss of control and that the loss of control produced the death of the deceased, then it would be your right and duty to convict the defendant, even though you might also find that the roughness as contended by the defendant, that the rough place was also a contributing proximate cause. In other words, if both the speed and the roughness in the road were proximate causes of the loss of control, which loss of control produced the death of the deceased, then you would be authorized to convict the defendant of the felony charge of involuntary manslaughter in the commission of an unlawful act." Error is assigned on this charge because it is contended that it injected the law of contributing proximate cause into the case which is a doctrine applicable to civil cases but which has no place in a criminal case, that this charge tended to minimize the accused's defense that the accident or death resulted from the roughness in the pavement alone which caused him to lose control of the truck and tended to confuse the law of proximate cause as related to the law of involuntary manslaughter. We think this ground

of the motion was meritorious and that the trial court erred in not sustaining the motion for a new trial on this ground. *Cain* v. *State*, 55 *Ga. App.* 376, 380 (190 S. E. 371). Nowhere in the charge did the court instruct the jury as to the meaning of the term "criminal negligence", nor was the jury told that criminal negligence, to be the basis for the conviction of the defendant of a crime must be of a greater degree than mere negligence authorizing the recovery in a civil action. *Collins* v. *State*, 66 *Ga. App.* 325 (3) (18 S. E. 2d 24); *Hardwick* v. *State*, 96 *Ga. App.* 670, 671 (101 S. E. 2d 99); *Geele* v. *State*, 203 *Ga.* 369, 375 (47 S. E. 2d 283). The portions of the charge complained of in this ground of the motion were subject to the criticism that they confused and injected into the case the law respecting civil liability for negligence and failed to instruct the jury as to the exact definition of criminal negligence which would form the basis for the conviction of the defendant. For these reasons, the trial court erred in overruling this ground of the motion.

2. The first special ground of the motion complains of the admission of testimony to the effect that the truck driven by the defendant and alleged to have been operated on the left-hand side of the highway was being so operated at a place approaching the crest of a grade and upon a curve where the driver's view was obstructed within such a distance as to create a hazard in the event another vehicle might approach from the opposite direction. When this testimony was objected to the solicitor-general announced that he would not rely upon that part of the indictment charging the defendant with operating the vehicle on the wrong side of the road, but would merely rely on the alleged excessive speed with which the defendant was operating the vehicle. After some little colloquy between the court and counsel, out of the presence of the jury, counsel for the defendant requested the court to instruct the jury that such evidence, if admissible, would be admissible solely for the purpose of illustrating the speed of the vehicle. When the jury returned to the box the court merely stated to the jury that the State had abandoned the part of the indictment alleging that the death resulted from the defendant unlawfully operating on the left-hand side of the road and that that left the case with the question of speed, that is, whether the speed was the sole cause of the death of the deceased. It is contended in this connection that the court

should have more fully instructed the jury that any evidence with respect to the vehicle traveling on the left-hand side of the road was admissible and should be considered by the jury solely for the purpose of illustrating the vehicle's speed. Special ground 2 complains because the court failed to instruct the jury that they should not consider that paragraph of the indictment charging the defendant with the offense of operating the vehicle on the left-hand side of the highway. While perhaps the court should have been more explicit in its instructions to the jury as regards these matters, and should have clearly pointed out to the jury even in the absence of a request, that the State had abandoned the portion of the indictment referred to, the record shows that the solicitor withdrew the particular question and answer referred to in the first special ground of the motion for a new trial and that the court did state to the jury in his charge that paragraph B of the indictment had been abandoned by the State. For these reasons, the first and second special grounds of the motion do not show such harmful error as to require a reversal.

3. Inasmuch as the case is to be tried again and the evidence on another trial may not be the same, the general grounds of the motion under which the defendant contends the evidence did not authorize the verdict of guilty, will not be passed on.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 15, 1959.

*Wm. E. Smith, R. L. LeSueur, R. L. LeSueur, Jr.,* for plaintiff in error.

*Charles Burgamy, Solicitor-General,* contra.

