## 51207. HEWELL v. THE STATE.

EVANS, Judge.

Defendant was indicted, tried, convicted and sentenced for the crime of burglary. Defendant appeals. *Held:*

1. A Jackson v. Denno (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing was held with reference to the voluntariness of a statement made by the defendant to the police. The court found that the statement was voluntarily and freely made by the defendant, and then allowed testimony to go to the jury.

Thereupon defense counsel requested that the defendant be allowed to take the stand on the limited issue of the voluntariness of his statement without being cross examined beyond this issue. This was not allowed. We know of no constitutional or legal requirement that

would permit the defendant to testify in this manner. The Georgia law is clear that if the defendant wishes to testify and announces in open court his intention to do so he may testify in his own behalf. If so, he shall be sworn as any other witness and may be examined and cross examined as any other witness. See Code Ann. § 38-415. In *Williams v. State,* 231 Ga. 508, 509 (2) (202 SE2d 433), the Supreme Court had for decision this very same question, holding: "[T]here is no procedure permitting a defendant to testify under oath on a limited subject without subjecting himself to cross examination." This enumeration is not meritorious.

2. Error is enumerated because the state was allowed to use a transcript of testimony of an absent witness, upon the state's contention that after diligent search, the state could not locate the witness, and under Code § 38-314, the trial court had the discretion to allow the use of such transcript.

The trial was commenced on May 5, and the state contended it began to try to locate the witness about one month earlier, using the services of a special investigator for the office of district attorney, to wit, Jimmy Collingsworth. As to whether the trial judge properly exercised his discretion after hearing the testimony of Collingsworth, especially as to the diligence used in looking for the missing witness, is before us for decision.

It is unquestionable that Collingsworth looked in many places, but likewise there were many places and leads that he did not look into or follow up, including the following:

Collingsworth heard that the witness had moved to Oconee County, but he did not go there and contact the post office or anyone else; he did not contact the Walton EMC; nor the Oglethorpe EMC (nearby counties); he did not check the post office at Danielsville (in adjoining Madison County) *he did not talk with the mailman who delivers the witness' mail;* he did not know whether they are still using his forwarding address or not; he did not check with the Internal Revenue Service at Chamblee; one of the witness' license was from Federal Communications, Washington, D. C., but he never did

check with that department; he knew where the witness was on November 7, 1974, he was here; and he did not check the Social Security Office. He looked into the city directory and found four persons named Monroe, and did not check with three of them; he did not talk to the Sheriff of Oglethorpe County or Jackson County. (T. pp. 61-65)

Was this a sufficient showing on the part of the state that the witness was inaccessible; or to put it another way, did the state use proper and due diligence to locate the witness, in order to be then allowed to use the transcribed testimony of the missing witness?

The expert witness for the state, Jimmy Collingsworth, testified that his work was that of locating missing persons, and he had developed expertise in that field. (T. pp. 55-56)

We are well aware that the trial judge has a broad discretion in determining whether the witness is inaccessible, and whether the state has used diligence in trying to locate the witness, but it appears that the testimony of the expert investigator here shows that he did not exercise his full expertise or even very much of it in trying to locate the witness.

The expert investigator did not even go to adjoining Oconee County, though he received information that the witness was living there; he did not check the post office in Danielsville in adjoining Madison County *nor even talk with the mailman "who delivers the witness' mail."* He found persons in the city directory with the same last name as the witness, *but did not check with three of them.* He did not even talk with the Sheriff of adjoining Oglethorpe County or the Sheriff of adjoining Jackson County. The expert witness might have looked in ten thousand places, but he was certainly *not looking* in places that offered a wonderful opportunity of learning the whereabouts of the witness. There was no attempt to prove the witness was outside of the State of Georgia.

Under these circumstances, we do not believe it can be said the missing witness was proven to be inaccessible, and it was therefore error to allow the use of the previously transcribed testimony against defendant. See *Whatley v. State,* 230 Ga. 523 (198 SE2d 176); *Gaither v.*

*State,* 227 Ga. 668, 669 (182 SE2d 43).
 *Judgment reversed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 29, 1975 — DECIDED OCTOBER 15, 1975 — REHEARING DENIED NOVEMBER 4, 1975 — ▮▮▮▮▮▮▮▮▮

 *Robert D. Peckham, Jack H. Affleck,* for appellant.
 *Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.