## 52413. HEWELL v. THE STATE.

McMURRAY, Judge.

Following the reversal of the judgment (conviction and sentence) in the first trial of this burglary case (*Hewell v. State,* 136 Ga. App. 420 (221 SE2d 219)), defendant was again tried, convicted and sentenced to serve a term of 10 years, consecutively to another sentence in the Superior Court of Clarke County. Defendant appeals. *Held:*

1. The first trial of this case was set aside (see *Hewell v. State,* supra) because a missing witness (the victim) was not proven to be inaccessible, and it was therefore error to allow the use of previously transcribed testimony against the defendant. Again the witness was found to be inaccessible and again the court allowed the reading of the transcript of the testimony of the inaccessible witness. Error is again enumerated that the state failed to show inaccessibility in violation of the defendant's constitutional right of confrontation of the witness.

The state offered testimony of an investigator that the missing witness had been located in Rising Sun, Indiana; that he had been contacted and had advised that even though the state would pay his expenses to come back to Georgia to testify, he was in the kennel club

business and had no one to run it and he "didn't wish to return to Clarke County." Testimony was also offered showing that a subpoena had been mailed to him a week before the trial; a telephone call had been placed to him a week before the trial and the week of the trial, but the investigator had not received any reply. The court allowed the missing witness' transcribed testimony to be read in evidence. Since the question of inadmissibility of this testimony from a former hearing under Code § 38-314 is a matter within the sound discretion of the trial court, the allowance of same will not be overturned unless a manifest abuse of discretion is made to appear. *Tanner v. State,* 213 Ga. 820, 821 (102 SE2d 176); *Sheppard v. State,* 167 Ga. 326 (145 SE 654); *Burns v. State,* 191 Ga. 60 (7) (11 SE2d 350). Proof that the witness had moved from the state and had refused to return and testify was sufficiently shown to allow the trial court to consider him as being inaccessible. *Smith v. State,* 147 Ga. 689 (1) (95 SE 281); *Hunter v. State,* 147 Ga. 823 (1) (95 SE 668); *Estill v. Citizens & Southern Bank,* 153 Ga. 618 (6) (113 SE 552). Even though the testimony showed the witness had refused to return to Georgia some 45 days prior to the trial, and no evidence was shown as to whether or not he had received the copy of the subpoena by mail or the telephone calls to him, none of this testimony is sufficient to show the court abused its discretion in allowing the previous testimony of this witness. There is no merit in this complaint.

2. Even though the evidence as to aggravation which the state introduced (certified copies of prior convictions) had been served upon the defendant prior to the first trial, it was proper to allow same in evidence under Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) which merely requires that the state make known to the defendant prior to his trial that such evidence would be used against him. Defense counsel was the same in each trial. Defendant was thus aware that the state intended to use evidence of prior convictions and had been informed that if convicted same would be introduced in the pre-sentence hearing. *Davis v. State,* 229 Ga. 509 (2) (192 SE2d 253). *Gates v. State,* 229 Ga. 796 (4) (194 SE2d 412) is not applicable to the case sub judice. The trial court did

not err in allowing certified copies of his prior convictions in evidence over objection.

3. In *Hewell v. State,* 136 Ga. App. 420, supra, it is noted that the defendant was sentenced to serve a term of 17 years (12 in confinement and the remainder on probation). The sentence here was 10 years. The mere fact that it was to be served consecutively to another sentence in the same court, the length of which incidentally was not shown by the record, would not result in the sentence being of greater length of time than the original sentence of 17 years. There was no violation of due process standards as shown in North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656); nor is *Anthony v. Hopper,* 235 Ga. 336 (219 SE2d 413) applicable.

*Judgment affirmed. Marshall and Smith, JJ., concur.*

SUBMITTED JULY 6, 1976 — DECIDED SEPTEMBER 9, 1976 — REHEARING DENIED SEPTEMBER 27, 1976 —

*Jack H. Affleck, Robert D. Peckham,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.