### 31783. HEWELL v. THE STATE.

JORDAN, Justice.

The Court of Appeals affirmed the conviction and sentence of Ricky Hewell for burglary. *Hewell v. State,* 139 Ga. App. 622 (229 SE2d 92) (1976). This court granted Hewell's application for writ of certiorari to consider two questions in connection with his sentence.

1. The Court of Appeals held in Division 3: "In *Hewell v. State,* 136 Ga. App. 420, supra [(221 SE2d 219) (1975)], it is noted that the defendant was sentenced to serve a term of 17 years (12 in confinement and the remainder on probation). The sentence here was 10 years. The mere fact that it was to be served consecutively to another sentence in the same court, the length of which incidentally was not shown by the record, would not result in the sentence being of greater length of time than the original sentence of 17 years. There was no violation of due process standards as shown in North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656); nor is *Anthony v. Hopper,* 235 Ga. 336 (219 SE2d 413) applicable."

In North Carolina v. Pearce, 395 U. S. 711, supra, it was held that due process of law "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Hn. 3. It was further held that in order to assure the absence of such motivation on the part of a trial judge, where the judge imposes a more severe sentence on the second trial the reasons for his doing so must be made a part of the record, and those reasons "must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding."

In the present case there was no finding by the trial judge of conduct occurring after the original sentence which would justify a more severe sentence after retrial. Hewell's sentence of 12 years in confinement and 5 years on probation, which was vacated when his conviction was reversed by the Court of Appeals (136 Ga. App. 420), was to be served concurrently with a previous sentence. On retrial the judge sentenced him to 10 years to be served consecutively to his sentence in Case No. 12165 in Clarke Superior Court. The transcript in the present case shows that at the presentence hearing the state introduced in evidence the sentences imposed on Hewell in Case No. 12165, and the subsequent revocation of a part of the probated portion of the sentences. The combination of the sentence of 10 years in the present case running

consecutively with the confinement sentence in Case No. 12165 made a confinement sentence of approximately 16 years. It is Hewell's contention that this was a more severe sentence than the former sentence, which was vacated on appeal, of 12 years in confinement and 5 years on probation.

We agree with this contention. In the absence of a finding of identifiable conduct on the part of Hewell occurring after the original sentence, it was a denial of due process under the ruling in North Carolina v. Pearce, 395 U. S. 711, supra, to impose a longer confinement sentence than in the previous trial.

The case must therefore be returned to the trial judge for resentencing within permissible limits.

2. In Division 2 of its opinion the Court of Appeals held that it was not error for the trial court to allow the state to introduce evidence of Hewell's prior convictions at the presentence hearing. Notice of the intention to introduce this evidence was served on him prior to the first trial, but not prior to the second trial.

Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) provides in part that "only such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible." Clear notice that previous convictions will be introduced at the trial of an accused is required by this statute. *Gates v. State,* 229 Ga. 796 (4) (194 SE2d 412) (1972). A notice given prior to a former trial would not be clear notice that the sentences would be introduced at a subsequent de novo trial.

It was error to allow the state to introduce evidence of Hewell's prior convictions over the objection that he had not been notified that they would be introduced.

*The judgment of the Court of Appeals affirming the sentence of the applicant for certiorari is reversed. Nichols, C. J., Undercofler, P. J., Jordan, Ingram, Hall and Hill, JJ., concur as to Division 1; Nichols, C. J., Jordan and Ingram, JJ., concur, and Hill, J., concurs in the judgment only as to Division 2; Undercofler, P. J., and Hall, J., dissent from Division 2.*

Argued February 15, 1977 — Decided April 5, 1977.

*Jack H. Affleck, Jr.*, for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney*, for appellee.