## 59011. GODBEE v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant was charged in a two-count indictment with having, on November 27, 1972, assaulted Rebecca D. Knighton with the intent to rob her (Count 2), and further with having robbed her of a notary seal by sudden snatching (Count 1).

Defendant was tried and convicted on March 15, 1973, in Richmond Superior Court and sentenced to twenty years on the robbery by sudden snatching charge and ten years on the aggravated assault charge, to be served consecutively.

Subsequently, on another Richmond County indictment, defendant was sentenced to twenty years for robbery, twenty years for kidnapping, and life for rape, all to be served consecutively. These later convictions and sentences were upheld in *Godbee v. State*, 232 Ga. 259 (206 SE2d 432). The transcript of the original trial was lost and, upon motion for new trial being filed, a new trial was granted. A retrial was held and defendant was convicted of aggravated assault. He was found not guilty of the robbery charge. Upon this verdict defendant was sentenced to ten years in the penitentiary to be served consecutively to any sentence now being served.

The defendant appealed and argues the trial court erred in sentencing him to serve 10 years consecutively to any sentence now being served. It is contended that this constitutes a prohibited increase in punishment under the rationale of North Carolina v. Pearce, 395 U. S. 711, 725 (89 SC 2072, 23 LE2d 656). *Held:*

We do not find *Hewell v. State*, 238 Ga. 578, 579 (234 SE2d 497) to be controlling precedent in the case sub judice because the factual circumstances are not the same. In *Hewell* the defendant's sentence which was set aside was to have been served concurrently with a previous sentence. Our Supreme Court therefore held that since imposing a new sentence to be served consecutively with a prior sentence resulted in a longer period of confinement this amounted to the imposition of a more severe sentence mandating that Pearce's (395 U. S. 711, supra) requirements be met.

Here the original judgment was that the terms for robbery (20 years) and aggravated assault (10 years) be served consecutively. Thus, the imposition on the retrial of a 10 years sentence for aggravated assault to be served consecutively would not constitute a more severe sentence.

Our recent decision in *Turner v. State,* 151 Ga. App. 631 (1), is pertinent and we adopt the rationale of that case. *Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED NOVEMBER 20, 1979 — DECIDED JANUARY 18, 1980.

*Stanley C. House,* for appellant.
*Richard E. Allen, District Attorney, Patricia Warren, Assistant District Attorney,* for appellee.