## 59416. NEWTON v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted on two counts of burglary; and in a third count as a recidivist under Code Ann. § 27-2511 (Ga. L. 1953, Nov. Sess., pp. 289, 290; 1974, pp. 352, 355) in that he had been previously convicted of three felonies, that is, two offenses of burglary and one of motor vehicle theft. He was tried and found not guilty as to Count 1 but convicted as to Count 2. Thereupon, the trial court discharged the jury stating that the procedure was to "then go into a presentence hearing, at which time each side is given the opportunity to present evidence either in aggravation or in mitigation." He continued, however, that in this case the defendant was "being prosecuted as an habitual violator, or habitual criminal, under that statute, which provides for a more severe penalty." Whereupon, the court asked of the district attorney if he had any further proof in the way of aggravation on his sentencing. The district attorney then tendered in evidence three

certified copies of his previous convictions for a felony and asked that under Code Ann. § 27-2511, supra, he be given the maximum time as to the felony for which he stood convicted that day and since he stood already convicted as to three prior felonies, under Code Ann. § 27-2511, supra, he should be sentenced to serve the maximum time provided in the sentence of the judge based upon such conviction and "shall not be eligible for parole until the maximum sentence has been served."

Counsel for defendant objected to the introduction of the three certified copies of the record of prior convictions inasmuch as under Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357), this being a presentence hearing of felony cases, that the state had failed to make known to the defendant prior to his trial such evidence in aggravation which the state was presenting, the law stating quite clearly that only such additional evidence in aggravation of punishment "of any prior criminal convictions . . . as the State has made known to the defendant prior to his trial shall be admissible." Whereupon, the trial court overruled the objection since this was a hearing under Code Ann. § 27-2511, supra, and not § 27-2503, supra; and proceeded to sentence the defendant to serve twenty years and that he serve the maximum time provided and that he not be eligible for parole until the maximum sentence has been served. Defendant appeals. *Held:*

1. During the direct examination by the district attorney of the police officer who arrested the defendant, this officer stated in testimony that "rights were read, and they [two defendants] refused to make a statement." Objection was made thereto and the court asked the witness to repeat what he had said before apparently because the court had not understood his testimony. Whereupon the witness replied: "I said their rights were read to them at that time, and neither subject wanted to make a statement." Whereupon the trial court instructed, "the Defendant is not required to make any statement, and the Jury should not hold anything against him by the fact he chooses not to make any statement. That's neither here nor there. He has a right to remain silent, and the Jury should not hold that against anyone that chooses to exercise that right." Whereupon counsel for defendant moved for mistrial, contending that the instructions failed to correct and repair the damage that had been done at this point. The motion for mistrial was overruled, and the trial continued.

"Evidence as to silence on the part of the defendant at the time of his arrest should be excluded when objected to, for he is then entitled to remain silent, and the prosecution may not use against

him the fact that he stood mute or claimed his privilege." *Reid v. State,* 129 Ga. App. 660, 664 (5) (200 SE2d 456). A somewhat similar case to the case sub judice is that of *Kitchens v. State,* 150 Ga. App. 707, 708 (258 SE2d 544), but curative instructions were not given in that case, and this court reversed the judgment. However, that case is inapposite here, for the trial court gave the curative instructions to the jury before counsel for defendant moved for a mistrial. Under the circumstances, we cannot say that the trial court abused its discretion in handling the matter although it is the duty of the court when counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence to interpose and prevent the same, and, on objection made, all needful and proper instructions should be made by the court to the jury to endeavor to remove any improper impressions from their minds. Under the provisions of Code § 81-1009, with reference to improper conduct of counsel, on objection made, it is also the court's duty to rebuke counsel, and certainly if the police officer witness deliberately added to his testimony in language violative of the defendant's rights he likewise should be rebuked or held in contempt of court. However, under the circumstances here we do not find that the trial court in anywise abused its discretion in the method in which it immediately took steps to correct any improper statements by the witness. There is no merit in this complaint.

2. As the trial court used language during the presentence hearing that it would now hear evidence in aggravation, it would appear that the court was proceeding under Code Ann. § 27-2503, supra. However, it was then clearly stated that in this particular case the defendant was "being prosecuted as an habitual violator, or habitual criminal, under that statute, which provides for a more severe penalty." It is true that the Supreme Court has held in *Hewell v. State,* 238 Ga. 578, 580 (2) (234 SE2d 497) that a notice given prior to a former trial would not be clear notice that the sentences of other convictions would be introduced in aggravation at a subsequent de novo trial, yet that case is not controlling here. Code Ann. § 27-2511, supra, nowhere refers to notice with reference to evidence in aggravation which must be made known to the defendant prior to his trial. Here, of course, the defendant cannot plead lack of notice when he had pleaded not guilty to the recidivist count even though there was no notice as to the evidence which would be given in aggravation as to his prior convictions. It is noted that the recidivist count here set forth each prior felony conviction by indictment number, superior court, type of offense, whether plea of guilty or jury verdict of guilty, and date of sentence

in each case. We decline to extend the ruling in *Hewell v. State,* 238 Ga. 578, supra, which reversed the judgment of this court in *Hewell v. State,* 139 Ga. App. 622 (229 SE2d 92). Under the facts of the case sub judice certified copies of prior convictions introduced in aggravation not as a part of a presentence hearing under Code Ann. § 27-2503, supra, but as a part of the trial as to the recidivist count under Code Ann. § 27-2511, supra, need not have been made known to the defendant prior to trial. There is no merit in this complaint.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED FEBRUARY 4, 1980 — DECIDED MARCH 20, 1980 —

*William W. Keith, III,* for appellant.
*Stephen A. Williams, District Attorney, Eugene C. Tutwiler, III,* for appellee.