A92A0632. BROWN et al. v. THE STATE.
(418 SE2d 776)

JOHNSON, Judge.

Appellants Danny Jearles Brown and Theresa Lynn Brown were tried by a jury and convicted of burglary. They filed a motion for new trial which was denied by the trial court. Appellants appeal their convictions and the denial of their motion for new trial. We affirm.

1. Appellants contend that the trial court erred in denying their motion for new trial as there was insufficient evidence to support the verdict of the jury.

Appellants' co-defendant, David Byers, testified that he and Danny Brown drove to the ConAgra Plant in a pick-up truck, knocked a hole in the building wall, entered, and stole various items as well as money. Byers' testimony was corroborated by the testimony of several police officers, who testified that they recovered the stolen items from Byers' home and the appellants' home. Additional testimony was given by two ConAgra employees who testified that they observed a pick-up truck occupied by two white males near the back loading dock of the building sometime in the early hours of the morning of April 21, 1991, the day of the burglary.

Byers also testified that Theresa Brown acted as a lookout for them while they were committing the burglary. She had been positioned across the railroad tracks from ConAgra at the Shaw Industrial Plant. He further testified that Theresa Brown came over to the

ConAgra Plant while they were in the process of committing the burglary and advised them that she had been asked to leave the Shaw premises by a security guard. Byers' testimony was corroborated by another witness who testified that Theresa showed her the spot where she had been posted as a lookout.

A person cannot be convicted of a felony solely upon the uncorroborated testimony of an accomplice. *Shumake v. State*, 159 Ga. App. 141 (282 SE2d 756) (1981). However, where there is corroborating testimony as in the instant case, the corroborating evidence need only be slight to be sufficient. *Shumake*, supra. The sufficiency of corroborating evidence should be " 'peculiarly a matter for the jury to determine.' " *Harris v. State*, 165 Ga. App. 186, 187 (299 SE2d 393) (1983).

Considering the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the appellants guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellants contend that the trial court erred in failing to grant a mistrial after the investigating officer testified that the appellants refused to give a statement to the authorities after they were arrested.

The officer, after being asked to describe the investigation of the burglary, responded: "We attempted to get statements. After placing all three subjects under arrest, we attempted to get statements; attempted to locate the fifth party, which we knew the first name was only 'Ricky.' They would not give us a statement. I attempted to — we attempted to get statements from all three and all declined to comment on the case." At which point, the appellants' attorney moved for a mistrial.

In the presence of the jury, the trial court admonished the officer for his improper testimony, and the district attorney for allowing the officer to testify regarding the appellants' refusal to give a statement. The court then instructed the jury that no inference should be drawn from the comment and instructed the jury of the appellants' rights as enumerated in *Miranda v. Arizona*, 384 U. S. 436, (86 SC 1602, 16 LE2d 694) (1966). Furthermore, the court indicated that a mistrial would be declared, unless the jurors believed they could disregard the officer's improper testimony and, again, instructed the jury on the appellants' right to remain silent. The jurors indicated that they did not feel that they would draw an inference of guilt from the officer's testimony and the trial resumed.

" 'Evidence as to silence on the part of the defendant at the time of his arrest should be excluded when objected to, for he is then entitled to remain silent, and the prosecution may not use against him the fact that he stood mute or claimed his privilege. [Cit.].' " *Newton v. State*, 154 Ga. App. 98, 99-100 (267 SE2d 641) (1980). However,

where the trial court immediately gives curative instructions to the jury regarding the improper testimony from a witness, such improper testimony does not constitute prejudicial error. Id. at 100.

The trial judge properly rebuked the district attorney "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender." OCGA § 17-8-75.

Because the trial judge gave curative instructions to the jury, and openly reprimanded the prosecution for allowing the officer to testify that the appellants' refused to give statements at the time of their arrest, we find no abuse of discretion by the trial judge in denying appellants' motion for a mistrial. The trial court's judgment, therefore, shall not be disturbed.

*Judgment affirmed. Carley, P. J., and Pope. J., concur.*

DECIDED APRIL 24, 1992 —
RECONSIDERATION DENIED MAY 6, 1992.

*J. Tracy Ward*, for appellants.
*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.