A92A1868. BATTLES v. THE STATE.
(422 SE2d 672)

McMURRAY, Presiding Judge.

Defendant Battles appeals his conviction of the offenses of kidnapping, rape, aggravated assault, and robbery. The sole enumeration of error challenges the sufficiency of the evidence to authorize the conviction of defendant. *Held*:

The evidence viewed in the light most favorable to upholding the verdict shows that the victim was at home alone talking on the telephone when defendant rode a bicycle into her driveway, went to the door, and knocked on it. The victim asked her friend on the tele-

---

phone to hold for a moment while she answered the door. The defendant asked to use the victim's telephone. The victim agreed and ended her telephone conversation after arranging that the friend would call her back after a short period of time. The defendant then used the telephone to make a brief call. Afterward, defendant asked for a light for his cigarette and for a glass of water. As the victim was drawing a glass of water, the defendant came up behind the victim, put a hand around her waist and then down her thigh. When the victim told defendant to stop, he told her, "Let's not make this a murder." In spite of the victim's protests, the defendant then got the victim by the head pushing her and forced her to guide him to a bedroom. In the bedroom, defendant was disrobing the victim when the telephone rang. The victim convinced the defendant that she should answer the call since it was probably her friend calling back who would be alarmed if she did not answer. The victim saw a "flash of silver" and the defendant had something up against her throat. A knife, a part of an old set of silverware normally kept in the victim's kitchen was found in the bedroom after the incident. The defendant instructed the victim to tell her friend that she was going to the store. However, during the telephone conversation the victim was able to alert her friend that there was a problem and that she needed assistance. After the telephone call, defendant forced the victim to perform oral sex on him. Defendant then inquired about keys to the vehicles in the driveway, pushed the victim into the living room where he obtained possession of the keys to a car, and discussed the two leaving the house. Thereafter, the defendant forced the victim back to the bedroom, completed disrobing the victim, and had sexual intercourse with the victim. The defendant then began to mention the two leaving the house again. When the victim refused to go with him there was a discussion of tying the victim up and a search for something appropriate to accomplish this. During this interval, defendant forced the victim to take off a gold bracelet she was wearing and give it to him. Defendant also took some currency from the victim's purse. While the defendant was still trying to decide where and how to tie the victim up, police arrived on the scene and defendant was apprehended. The victim testified that she did not know the defendant by name and had seen him only once before when several months previously he had come to the door attempting to solicit employment doing yard work.

As the defendant testified as to another account of the incident including that the sexual contact was consensual and the bracelet was a gift to him from the victim, the determination of credibility and resolution of conflicts in the evidence are for the jury. This Court does not reweigh the evidence but only determines its legal sufficiency. *Holcomb v. State*, 198 Ga. App. 547 (1) (402 SE2d 520). After

a careful review of the entire record, we find that the evidence is sufficient to authorize any rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses of kidnapping, rape, aggravated assault, and robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Cooley v. State*, 201 Ga. App. 171 (1) (410 SE2d 453).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 18, 1992.

*James F. Council, Jr.*, for appellant.

*H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney*, for appellee.