## A99A0462. LOCKE v. THE STATE.
(521 SE2d 587)

JOHNSON, Chief Judge.

Saul Locke appeals from his convictions of burglary, robbery and criminal trespass. For the reasons which follow, we affirm.

1. Locke contends the trial court erred in allowing testimony regarding the victim's pre-trial identification because the circumstances in which the identification occurred were impermissibly suggestive. We disagree.

In determining the admissibility of an eyewitness identification, we consider the witness' opportunity to view the suspect at the time of the offense, the witness' degree of attention, the accuracy of the witness' prior description of the suspect, the witness' level of certainty at the confrontation, and the length of time between the crime

and the confrontation. *Thomason v. State*, 268 Ga. 298, 303-304 (3) (486 SE2d 861) (1997).

The record shows that the victim was home alone at about 2:30 p.m. when a man knocked on her window. She looked out and saw the man, whom she did not know, then left the window. The man went to her back porch and started knocking. She asked who it was. He said "something about (an) asphalt deal." The victim went to the back door, which had glass windows, pulled back the curtain, and talked to the man. When she told him she was not interested, he left. The victim walked to the front door and watched as the man got into a white dump truck. The man started to back out of the driveway, then stopped the truck, got out of it and went to the neighbor's house. The victim was suspicious and started telephoning her son. She heard a noise, then saw the man kicking her back door in. The man came in, snatched the phone out of her hand, and asked her for her purse. The victim gave him her purse. The man threatened to hit her if she tried to follow him, then left.

The police were called and arrived at the victim's home about 30 minutes after the incident began. The victim gave police a detailed description of her assailant and his truck. One or two hours later, police spotted Locke's white dump truck at a nearby hotel, questioned him, and took him to the police station to see if the victim could identify him as the assailant. When the victim arrived at the police station, Locke was sitting in a holding cell with three officers. She looked at Locke, waited for him to say something, and when he did, she remarked, "That's him." The victim told police she was sure of her identification. At trial, she testified that the crimes occurred on a sunny day, the man "was right in [her] face" and she got a good look at him.

From the circumstances we conclude that the showup was not unnecessarily suggestive nor was there a likelihood of misidentification. The fact that Locke was already in police custody and referred to as a suspect when the victim identified him does not render the identification impermissibly suggestive in light of surrounding circumstances. See *Pickstock v. State*, 235 Ga. App. 451, 457 (5) (a) (509 SE2d 717) (1998). The victim had ample opportunity to observe the perpetrator both before and during the attack. Her descriptions of the attacker and his truck were sufficiently accurate to support her later identification. Moreover, the identification occurred within hours of the crime.

Although this court has considered the dangers of irreparable misidentification inherent in the practice of having single suspects confront witnesses for the purpose of pre-trial identification, we have recognized that certain considerations may render a one-on-one confrontation permissible, if not desirable. These include the necessity of

promptly resolving any doubts as to identification so as to enhance the accuracy and reliability of the identification, thus expediting the release of innocent suspects. *Pickstock*, supra at 456-457; *Sabo v. State*, 226 Ga. App. 106, 107 (2) (a) (485 SE2d 591) (1997). The trial court did not err in allowing the identification testimony. See *Mattison v. State*, 215 Ga. App. 635, 636 (2) (451 SE2d 807) (1994).

2. Locke contends the trial court erred in denying his motion for mistrial when the prosecuting attorney commented on his failure to testify. This enumeration is without merit.

At trial, the defense attorney called Locke's uncle, Eddie Mullen, as a witness. Mullen testified that he worked as an asphalt paver and that Locke worked with him. When the defense attorney asked Mullen to give the names of people for whom Mullen and Locke worked, Mullen began giving names, including that of a church minister. The prosecuting attorney interrupted Mullen's response, claiming the testimony was irrelevant. In response, defense counsel stated that the testimony went to Mullen's credibility, showing his "connections to the community." Defense counsel argued that the state is permitted to ask police officers about their training and experience, and that the defense should be permitted to ask the same questions of its witnesses. The prosecuting attorney replied: "[T]he witness can testify to what he's done. I don't believe it's relevant, but he can't testify to what the Defendant's done. If he wants to put that kind of character [evidence] in, he can put the Defendant up."

Defense counsel moved for a mistrial. The trial court denied the motion, but immediately instructed the jury that the state always bears the burden of proof, the defendant is not obligated to put up any evidence whatsoever, the defendant is not obligated to testify, and the jury is not to hold his decision not to testify against him. The trial court told the jurors to disregard the remark and to inform the court if they could not do so. Apparently, no jurors informed the court that they could not disregard the comment.

On appeal, we employ a two-prong test to determine whether a prosecutor's remark regarding the defendant's refusal to testify constitutes reversible error. In order to reverse, we must find one of two things: (1) the prosecutor's manifest intention was to comment on the defendant's failure to testify; or (2) the remark was of such a character that a jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *LeMay v. State*, 265 Ga. 73, 75 (4) (453 SE2d 737) (1995). In determining the prosecutor's intention and the natural and necessary impact the comment has on the jury, we must consider the context in which the comment was made. *Hall v. State*, 176 Ga. App. 428, 432 (3) (336 SE2d 291) (1985).

Viewed in the context in which it was made, the remark does not manifest an intent by the prosecutor to comment on Locke's failure to

testify. The remark was made as the attorneys debated the issue of whether testimony of Locke's past employment was relevant to the case. The only intention manifest by the prosecutor was an intent to exclude the introduction of what he saw as character evidence. The intent required by the first prong of the test is not present here. See *Hammock v. State*, 201 Ga. App. 614, 619 (7) (411 SE2d 743) (1991).

Nor do we find that a jury would naturally and necessarily construe the statement as a comment on Locke's failure to testify. In our opinion, a jury would naturally and necessarily construe the statement as a comment on whether the defense can introduce testimony regarding for whom Locke worked in the area. Nothing about the comment pointed to the conclusion of Locke's guilt because of his failure to testify. See *Martin v. State*, 193 Ga. App. 581, 586 (4) (388 SE2d 420) (1989). We note, however, that prosecutors should avoid making comments such as the one made here. Nonetheless, considering the remark made, the context in which it was made, and the curative instructions given, the trial court did not abuse its discretion in denying Locke's motion for mistrial. See *Brown v. State*, 204 Ga. App. 176, 178 (2) (418 SE2d 776) (1992); *Kerr v. State*, 193 Ga. App. 165, 166 (1) (387 SE2d 355) (1989).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JUNE 25, 1999.

William R. Carlisle, for appellant.
Saul Locke, *pro se*.
*Patrick H. Head, District Attorney*, for appellee.