## A00A1282. LOWE v. THE STATE.
### (538 SE2d 552)

MILLER, Judge.

Gerald Lowe was convicted of one count of hijacking a motor vehicle, two counts of kidnapping, two counts of aggravated assault, and one count of possession of a handgun during the commission of a felony.[1] He enumerates three errors on appeal: (1) the verdict is contrary to law and evidence, (2) the trial court admitted improper testimony concerning a prior alleged offense, and (3) the trial court failed to grant a mistrial after the prosecutor commented upon his failure to testify. We affirm.

1. Lowe complains that the jury could not have reached a fair

---

[1] Lowe was also acquitted of one count of armed robbery.

and impartial verdict. As in *Brown v. State*,[2] Lowe admits in his brief that "the evidence may have been sufficient to establish his guilt," and points to his other enumerations of error as the cause of a verdict contrary to justice and equity. As discussed below, we find those enumerations to be without merit.

2. Lowe contends that improper testimony was admitted concerning a prior alleged offense. When determining whether evidence of a prior transaction or occurrence may be admitted, the State must make three affirmative showings at an independent hearing, specifically: (1) that the evidence is not brought forth to raise an improper inference as to character, but rather for an appropriate purpose deemed an exception to the general rule prohibiting this type of evidence; (2) that there is sufficient evidence that the accused committed the independent act; and (3) that there is a sufficient connection or similarity between the independent act and the crime charged so that proof of the former tends to prove the latter.[3] The decision to admit a prior similar transaction into evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion.[4]

First, the State offered the evidence "to show the defendant's intent, bent of mind and course of conduct." This is a proper purpose and satisfies the first prong.[5] Second, Lowe concedes that there is sufficient evidence that he committed the independent act. Finally, however, Lowe argues that the allegations against him were not sufficiently similar to a prior occurrence. In the prior occurrence Lowe robbed and assaulted a woman with a pistol and also assaulted a male attempting to come to her aid with the pistol. In this case, Lowe demanded money from one victim before striking him in the head with a pistol. Lowe got into the victims' vehicle and shot both victims as he drove the car around. "In determining the admissibility of similar transaction evidence, the court should focus on the similarities, not the differences, of the two occurrences."[6] In both instances, the victims knew of or were acquainted with Lowe, and in both instances Lowe assaulted the victims with a gun and either robbed them or demanded money. The trial court correctly concluded that Lowe's prior armed robbery and aggravated assaults with a pistol were substantially relevant to the appropriate limited purpose of proving

---

[2] 242 Ga. App. 347, 348 (1) (529 SE2d 650) (2000).

[3] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[4] *Avery v. State*, 244 Ga. App. 177, 179 (1) (534 SE2d 897) (2000); *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998).

[5] *Hawks v. State*, 223 Ga. App. 890, 892 (2) (479 SE2d 186) (1996).

[6] (Citations and punctuation omitted.) *Adame v. State*, 244 Ga. App. 257, 260 (2) (a) (534 SE2d 817) (2000).

modus operandi or course of conduct.[7]

3. Lowe next contends the trial court erred in failing to grant his motion for mistrial. He argues that during closing argument, the prosecutor improperly commented on his failure to testify. To reverse, we must hold either that the prosecutor's manifest intention was to comment on the defendant's failure to testify, or that the remark was of such a character that a jury would naturally and necessarily take it to be a comment on the defendant's failure to testify.[8]

The prosecutor stated: "[b]ut you took an oath to decide this case based on the facts. And there's only one set of facts laid out for you here." This statement is not a comment on Lowe's failure to testify, but rather appears to be a comment that the facts presented by the State had not been rebutted. A prosecutor may comment on the defense's failure to present rebuttal evidence.[9] Thus, we hold that the prosecutor's intention was not to comment impermissibly on Lowe's failure to testify, nor was the remark one that the jury would necessarily have found to be such a comment.

Moreover, the judge instructed the jury that Lowe was not required to take the stand and that no harmful inferences should be drawn from his failure to do so. Therefore, even if the statement were improper, the court's instruction sufficed to preclude any harm, and we discern no manifest abuse of discretion.[10]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 24, 2000.

*Elaine T. McGruder*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys*, for appellee.

[7] *Jones v. State*, 236 Ga. App. 330, 332 (1) (b) (511 SE2d 883) (1999).
[8] *Locke v. State*, 238 Ga. App. 705, 707 (2) (521 SE2d 587) (1999).
[9] *Johnson v. State*, 271 Ga. 375, 383 (15) (a) (519 SE2d 221) (1999); *Matthews v. State*, 268 Ga. 798, 804 (6) (493 SE2d 136) (1997).
[10] See *Grant v. State*, 185 Ga. App. 497-498 (1) (364 SE2d 628) (1988).