A00A2421. SMITH v. THE STATE.
(545 SE2d 89)

RUFFIN, Judge.

Robert Smith was convicted in 1988 of two counts of armed robbery and one count of carrying a concealed weapon. On February 8,

2000, he was granted an out-of-time appeal. He then filed a motion for new trial, which was denied on June 5, 2000. On appeal to this Court, he challenges the sufficiency of the evidence supporting the armed robbery convictions, contends the trial court erroneously restricted his cross-examination of a prosecution witness, and claims that the court erred in sentencing him on the concealed weapon charge. For reasons discussed below, we affirm Smith's convictions but vacate his sentence as to the concealed weapon charge.

1. On November 21, 1987, Mattie Johnson and Willie Byrd were working at the Pack & Sack Company in Cordele when Smith came into the store and asked to talk to Johnson. Johnson, who had known Smith for several years, told him that she was busy and could not talk. Smith lingered in the store for a while and then left. He came back later and left again. He came back a third time and asked Johnson to give him $20. Johnson told Smith she did not have $20, and did not owe him $20, at which point Smith pulled a gun out of his jacket. Johnson then told Byrd, another employee, to "give [Smith] whatever he wants." Byrd put a $20 bill on the counter. Smith then fired several shots, striking both Johnson and Byrd. Smith then beat Johnson with the gun before leaving the store.

Smith testified at trial and admitted shooting Johnson and Byrd, but claimed that he did not pull his gun out until after he had been given the $20. He claimed that Johnson owed him the money, and that he demanded to be repaid because she was "[e]mbarrassing me in front of other people." After Byrd handed him the money, Smith pulled out his gun and shot Johnson to "show her that I don't feel well over it. I was real upset at the time." Because he claims not to have produced the gun until after he took the money, and to have shot Johnson and Byrd for purely personal reasons, Smith argues that the evidence was insufficient to support his convictions for armed robbery, which requires that one take property from the presence of another by use of an offensive weapon.[1] This argument is, of course, baseless, since the jury was not required to believe Smith's version of events as against Johnson and Byrd's version.[2]

2. After the State rested, Smith's attorney recalled Johnson for purposes of cross-examination, and asked if she was "currently involved in a case with the Board of Workman's Compensation." When the State objected on relevancy grounds, defense counsel responded that the evidence was relevant because "the insurance company involved in that case is denying her claims, and the only way that she can benefit under that claim is if Mr. Smith is found

---

[1] See OCGA § 16-8-41 (a).
[2] See *Armstrong v. State*, 244 Ga. App. 871, 872 (1) (537 SE2d 147) (2000).

guilty in this case." In response to a question from the court, however, counsel admitted that he did not know why Johnson's claim had been denied, if in fact it had been denied. The court sustained the State's objection, and Smith then ended his cross-examination, without requesting the opportunity to question Johnson outside the presence of the jury or to make an offer of proof regarding the alleged workers' compensation claim. Smith now challenges the trial court's ruling on appeal.

"The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion."[3] Although Smith asserts on appeal that Johnson "may have had a motive or reason to testify as she did based upon a hope of benefit or monetary reward," he makes absolutely no argument as to how her alleged workers' compensation claim provided her with such a motive. Indeed, he does not even assert that such motive existed, but simply states that his trial attorney "believed" Johnson "may have had" such a motive.

Although never mentioned by Smith — either at trial, in the motion for new trial hearing, or in his appellate brief — we note that the workers' compensation statute excludes from coverage any "injury caused by the willful act of a third person directed against an employee for reasons personal to such employee."[4] Thus, if Johnson had in fact asserted a workers' compensation claim, and if such claim had in fact been denied under this "personal reasons" exception, then Johnson may indeed have had some reason to characterize the incident as an armed robbery rather than a shooting for personal reasons. However, Smith never articulated this reasoning to the trial court, and thus never gave the court the opportunity to adequately consider whether the line of questioning would have been admissible to show bias in this regard.[5]

Even if this line of questioning would have been proper to explore for bias, Smith has wholly failed to show any harm from the sustaining of the State's objection. As discussed above, Smith did not make an offer of proof or seek to question Johnson outside the presence of the jury in order to perfect the record.[6] Moreover, Smith did

---

[3] (Punctuation omitted.) *Rary v. State*, 228 Ga. App. 414, 415 (2) (491 SE2d 861) (1997).

[4] OCGA § 34-9-1 (4). See also *Johnson v. Holiday Food Stores*, 238 Ga. App. 822, 824-825 (1) (520 SE2d 502) (1999).

[5] See generally *Boatman v. State*, 272 Ga. 139, 142 (5) (527 SE2d 560) (2000) (defendant barred from arguing on appeal that evidence was admissible to impeach witness for bias, where issue not raised below).

[6] Although Smith's attorney did initially assert that "the only way that [Johnson] can benefit under that claim is if Mr. Smith is found guilty in this case," he effectively withdrew that representation by admitting that he did not know why Johnson's claim had been

not seek to present such evidence in connection with his motion for new trial. Thus, we have no way of knowing whether Johnson actually made a workers' compensation claim or whether such claim was actually denied. In the absence of such evidence, we cannot say that the trial court's ruling constituted reversible error.[7]

3. Smith contends that the trial court erred in sentencing him to five years for carrying a concealed weapon, noting that a person's first conviction for such offense is a misdemeanor.[8] Although any subsequent conviction constitutes a felony,[9] Smith points out that there was no evidence that he had previously been convicted of carrying a concealed weapon. The State concedes this point in its brief. Accordingly, the sentence imposed for the concealed weapon conviction is hereby vacated and this case remanded to the trial court for resentencing on that conviction.[10]

*Judgment affirmed in part and vacated in part and case remanded. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 24, 2001.

*John W. Sherrer, Jr.,* for appellant.

*Patrick J. McDonough, District Attorney, Richard E. Thomas, Assistant District Attorney,* for appellee.

[7] See *Miller v. State*, 166 Ga. App. 639, 641-642 (3) (305 SE2d 172) (1983). See also *Pittman v. State*, 208 Ga. App. 211, 218 (6) (430 SE2d 141) (1993).

[8] See OCGA § 16-11-126 (b) (1). See also *Favors v. State*, 182 Ga. App. 179 (1) (355 SE2d 109) (1987).

[9] See OCGA § 16-11-126 (b) (2).

[10] See *Wilson v. State*, 244 Ga. App. 224, 226-227 (2) (534 SE2d 910) (2000).