## A01A0999. BANKS v. THE STATE.
### (552 SE2d 903)

ELLINGTON, Judge.

A Walton County jury convicted Randy Banks of rape, OCGA § 16-6-1; aggravated sodomy, OCGA § 16-6-2; and aggravated assault, OCGA § 16-5-21. Following the denial of his motion for new trial, Banks appeals, challenging certain evidentiary rulings by the trial court, claiming there was insufficient evidence to support his convictions, and contending he was denied the effective assistance of counsel. Finding these assertions to be without merit, we affirm.

On appeal, the defendant no longer enjoys a presumption of innocence; moreover, this Court views the evidence in the light most favorable to the verdict and does not weigh the evidence or determine witness credibility but only determines if the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *McIntosh v. State*, 247 Ga. App. 640 (545 SE2d 61) (2001). Viewed in this light, the evidence showed that on July 10, 1997, Banks entered the victim's home without her permission. The victim did not know Banks but recognized him from the neighborhood. Banks held a knife to the victim's throat, ordered her to lie on the bed, then raped and sodomized her. As he left, Banks tried to disable her telephone and threatened to return and kill the victim, her children, and her mother if she reported the crime.

1. Banks contends the trial court erred in excluding evidence of three earlier incidents in which the victim reported being raped but which were not prosecuted. "The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Punctuation and footnote omitted.) *Smith v. State*, 247 Ga. App. 676, 678 (2) (545 SE2d 89) (2001). The Supreme Court of Georgia has held that Georgia's "rape-shield law," OCGA § 24-2-3, does not prohibit testimony of previous false allegations by the victim. *Smith v. State*, 259 Ga. 135, 137-138 (1) (377 SE2d 158) (1989). Before such evidence can be admitted, however, the trial court must make a threshold determination

outside the presence of the jury that a reasonable probability of falsity exists. Id. In this context, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." (Citations and punctuation omitted.) *Strickland v. State*, 205 Ga. App. 473, 474 (422 SE2d 312) (1992).

In this case, the only basis Banks identified for concluding that the victim's previous allegations were false was that the incidents were not prosecuted. The trial court did not abuse its discretion in concluding that Banks failed to make the threshold showing of a reasonable probability that the victim's three previous rape reports were false. *Gravitt v. State*, 228 Ga. App. 760, 762 (2) (492 SE2d 739) (1997).

2. In a related enumeration, Banks contends he was denied the effective assistance of counsel in that his counsel failed to adequately investigate the victim's earlier rape allegations.

> Under the standard established in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), one asserting his trial counsel's performance was so deficient as to deny him effective assistance of counsel under the Sixth Amendment must make two affirmative showings: that counsel's representation fell below an objective standard of reasonableness (i.e., that counsel performed deficiently); and that such deficiency prejudiced the defense. Concerning the prejudice component, the Court (in *Strickland*) held that the defendant must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Furthermore, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citation omitted.) *Veal v. State*, 242 Ga. App. 873, 877 (5) (531 SE2d 422) (2000). Banks contends that if his trial counsel had adequately investigated the prior rape allegations, the trial court would have found a reasonable probability that the prior rape allegations were false and admitted the evidence. But, as the trial court observed, Banks failed to support his motion for new trial with any evidence that the prior allegations *were* false. Cf. *Benton v. State*, 265 Ga. 648,

650 (5) (461 SE2d 202) (1995) (victim recanted allegations); *Smith*, 259 Ga. at 136 (victim had made numerous similar allegations against other men and had recanted as to several of the allegations; several of the men implicated testified and denied any wrongdoing). Because Banks failed to show that additional investigation would have yielded beneficial evidence, he failed to carry his burden of showing prejudice from his counsel's allegedly deficient performance. *Madge v. State*, 245 Ga. App. 848, 851 (3) (a) (538 SE2d 907) (2000); *Davenport v. State*, 172 Ga. App. 848, 852-853 (2) (325 SE2d 173) (1984). The trial court's conclusion that Banks did not receive ineffective assistance of counsel was not clearly erroneous. See *Roberts v. State*, 229 Ga. App. 783 (1) (494 SE2d 689) (1997).

3. Banks contends the trial court erred in admitting evidence of a similar transaction, specifically a rape in 1983 to which Banks entered an *Alford*[1] plea. "The decision to admit a prior similar transaction into evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion." (Footnote omitted.) *Lowe v. State*, 245 Ga. App. 659, 660 (2) (538 SE2d 552) (2000). In this case, the State gave pre-trial notice of its intent to introduce similar transaction evidence, and the trial court conducted a hearing outside the jury's presence before deciding that the evidence was admissible under *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The State showed the following similarities between the crimes: both rapes occurred in the same area of Walton County and near Banks' own home; Banks was not acquainted with the victims, who had similar racial and age characteristics, but they had seen him in the neighborhood; Banks entered the victims' homes by stealth at night; Banks held a knife or other blade to their throats and raped and sodomized the victims; and Banks threatened to harm the victims and their families.

The trial court did not abuse its discretion in finding the prior violent sexual assault sufficiently similar to the charged offense to be probative for the allowable limited purpose for which it was admitted, that is, to show Banks' intent, motive, bent of mind, modus operandi, and course of conduct. *Howard v. State*, 204 Ga. App. 882, 883-884 (1) (420 SE2d 811) (1992); *Williams v. State*, 190 Ga. App. 646, 647-648 (1) (381 SE2d 65) (1989). Further, the 14-year interval between the offenses, standing alone, is not enough to require that evidence of the similar transaction be excluded, particularly where the accused was incarcerated for the first offense during most of the interval. *Mullins v. State*, 269 Ga. 157, 158 (2) (496 SE2d 252) (1998); *Braddock v. State*, 208 Ga. App. 843, 844 (2) (432 SE2d 264) (1993).

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

"[T]he lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility." (Citation and punctuation omitted.) *Braddock v. State,* 208 Ga. App. at 844 (2).

4. In this case, Banks admitted engaging in intercourse and sodomy with the victim and challenges the sufficiency of the evidence only as to the elements that the sex acts were committed forcibly and against the victim's will and that he threatened the victim with a knife, as alleged in the indictment. See OCGA §§ 16-5-21 (a) (2); 16-6-1; 16-6-2. The victim's testimony, which Banks contends was compromised by contradictions and by gaps in her recollection, supplied the only evidence of her lack of consent to the sex acts and Banks' use of the knife. The jury determines credibility and resolves conflicts in the evidence; this Court does not reweigh the evidence but only determines its legal sufficiency. *Battles v. State,* 205 Ga. App. 510, 511-512 (422 SE2d 672) (1992). After a careful review of the entire record, we find that the evidence is sufficient to authorize a rational trier of fact to find Banks guilty beyond a reasonable doubt of the offenses of rape, aggravated sodomy, and aggravated assault. *McIntosh v. State,* 247 Ga. App. at 641 (1); *Battles v. State,* 205 Ga. App. at 511-512.

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JULY 25, 2001.

*Charles E. Day,* for appellant.

*W. Kendall Wynne, Jr., District Attorney, Jeffrey L. Foster, Assistant District Attorney,* for appellee.