## A01A1824. PITTS v. THE STATE.
### (559 SE2d 106)

POPE, Presiding Judge.

James William Pitts, Jr. appeals his conviction and sentence on two counts of vehicular homicide, three counts of reckless driving, and one count each of driving under the influence, attempting to elude an officer, speeding, driving with a suspended license, and driving with an expired license tag. He contends the evidence was not sufficient to support the verdict.

Construing the evidence in favor of the verdict shows that Georgia State Patrol Officer Warren clocked Pitts with a radar gun driving 76 mph, which exceeded the posted speed limit, through an intersection on Georgia Highway 120 in Paulding County. Warren pursued Pitts and activated his blue lights and wig-wag headlights in an effort to initiate a traffic stop. When he did, the videocamera in his patrol car also turned on, and the entire sequence was recorded and later played for the jury at trial.

Warren first turned around at the intersection and then had to catch up to Pitts. He was "closing in" on Pitts just prior to another intersection at Bobo Road, a two-lane road. Pitts turned right onto Bobo Road. After Warren made the turn in pursuit, he caught up to Pitts and turned on his siren. Pitts did not stop, but instead accelerated to pass another car even though there was a double yellow line. Pitts briefly tapped his brakes then accelerated as he ran through a four-way-stop intersection even though another car was stopped there. Pitts then turned right at another intersection onto Tabor Road. At the first sharp curve in that road, Pitts drove almost completely in the wrong lane.

In the following straight section of the road, with which Warren was well familiar, Warren decided to use the Pursuit Intervention Technique (PIT) in an attempt to stop Pitts before he reached upcoming intersections. Warren had been trained to make the PIT maneuver, he chose to use it to protect the public on the roadway, and he performed the maneuver in accordance with his training. He pulled alongside of Pitts intending to tap Pitts' truck on the right rear quarter causing it to spin out of control. At that moment, Pitts' truck actually moved toward Warren's patrol car thereby inadvertently initiating the PIT maneuver. Pitts' truck flipped and wrecked, and Warren stopped and returned to the site. The entire chase took only one minute and forty-nine seconds.

Tragically, unbeknownst to Warren until that time, Pitts' eight-week-old daughter was a passenger in the truck. She was seriously injured in the accident and later died.

Analysis of Pitts' urine indicated the presence of both methamphetamine and marijuana. Evidence was also presented that Pitts' driver's license was suspended and that his license tag had expired.

1. Pitts contends that the evidence was insufficient to support a conviction of vehicular homicide because it showed that Warren caused the child's death by executing the PIT maneuver.

In order to be convicted of vehicular homicide under OCGA § 40-6-393, the conduct of the defendant must have caused the death. See *Williams v. State*, 165 Ga. App. 831, 832 (302 SE2d 736) (1983). See also *Hill v. State*, 250 Ga. App. 9, 12-13 (2) (550 SE2d 422) (2001). This requires showing that "the defendant's conduct was the 'legal' or 'proximate' cause, as well as the cause in fact, of the death." *Miller v. State*, 236 Ga. App. 825, 828 (2) (513 SE2d 27) (1999).

> An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage and

that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

(Punctuation omitted.) *Johnson v. State*, 170 Ga. App. 433, 434 (1) (317 SE2d 213) (1984). It is not sufficient to show that the defendant only contributed to the cause of the injury. See, e.g., *Edmonds v. State*, 98 Ga. App. 827 (1) (107 SE2d 286) (1959).

The trial court clearly charged the jury that in order to convict, they had to find that Pitts' actions were the "direct and proximate cause of the death . . ." and that they were obligated to acquit Pitts if they found that Warren's actions and not Pitts' caused the victim's death. The jury resolved this factual question against Pitts. The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Pitts' actions of eluding an officer at high speed in a reckless manner with a baby in his truck played a substantial part in bringing about the child's death and that the death was a reasonably probable consequence of Pitts' actions.

2. Pitts also asserts that he was innocent because he was speeding to get medical attention for his child and that he did not see Warren trying to pull him over. But Pitts gave conflicting testimony about where he was going, why he was in a hurry, and why he was driving fast and recklessly. The jury also saw the tape of the chase, which reveals how much opportunity Pitts had to see Warren behind him and to stop. The jury determines credibility and resolves conflicts in the evidence; this Court does not weigh the evidence but only determines its legal sufficiency. *Battles v. State*, 205 Ga. App. 510, 511-512 (422 SE2d 672) (1992). We find no error.

3. Pitts asserts that because tests of his blood did not reveal the presence of any controlled substance, he cannot be convicted of driving under the influence of drugs under OCGA § 40-6-391 (a) (6). However, that Code section prohibits driving with any amount of marijuana or controlled substance in the blood or urine, and Pitts had both marijuana and methamphetamine, a controlled substance, in his urine.

The evidence was sufficient to support all the charges for which Pitts was convicted.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JANUARY 18, 2002.

*Teddy L. Henley*, for appellant.

376

*James R. Osborne, District Attorney, Laura L. Herrin, Assistant District Attorney*, for appellee.