General, R. Douglas Lackey, Assistant Attorney General, for appellees.

### 31786. CLAY v. THE STATE.

NICHOLS, Chief Justice.

The appellant was tried and convicted of armed robbery and sentenced to fifteen years, twelve years to serve and three years probated. This is the second appearance in this case. See *Clay v. State*, 236 Ga. 398 (224 SE2d 14) (1976), where this court reversed the former conviction for failure to give a requested charge that no presumption should attach to defendant's failure to testify.

1. Upon retrial, the victim of the robbery, who was the night manager of the store, could not be located, and his testimony from the former trial was read into the record. The appellant contends the state did not make a proper showing that the witness was inaccessible so as to allow his former testimony under Code § 38-314 to be read into the record.

In all of the cases cited by appellant, where this court has reversed the trial court because of an abuse of discretion, there were some leads as to the whereabouts of the witness that were not investigated or the admission of such evidence would deny the defendant's right to confrontation and cross examination.

In the case sub judice, there were no leads. His wife did not know where he was; he had moved from his former residence, and the resident manager did not have any information as to where he had moved; the post office did not have a forwarding address for him; the local police knew nothing; and his former employer could give no information. Also, on the former trial he was thoroughly cross examined by counsel, who represented the appellant on the second trial as well.

The admission of the testimony of the witness from the former trial does not show an abuse of discretion. *LaCount v. State*, 237 Ga. 181, 182 (227 SE2d 31) (1976); *Hewell v. State*, 139 Ga. App. 622 (229 SE2d 92) (1976).

2. The second enumeration of error contends the in-court identification of appellant was tainted by a pretrial photographic identification confrontation.

In *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775) (1974), this court stated the due process rule as enunciated by the United States Supreme Court decision that: "The first inquiry is whether the photographic display was impermissibly suggestive. Only if it was, need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification."

In the present case, the defendant was apprehended within two blocks of the robbery scene and returned to the scene for identification. The witness also identified the defendant at the arraignment hearing, all prior to being shown the photos before trial. The procedure here was not impermissibly suggestive so as to require a consideration of the second test; therefore, the trial court did not err in overruling appellant's motion to suppress the in-court identification.

3. The third and fourth enumerations of error complain of the charge given regarding statements, admissions, or confessions made by appellant and the court's failure to give the appellant's request to charge on this subject.

The trial court fully charged the correct principles of law applicable to this subject and adequately covered the principles embraced in the request to charge, though not in the exact language of the request. There is no merit in these enumerations of error.

4. The remaining enumeration of error contends the evidence did not support the verdict. The testimony of the victim, the police officer who arrested appellant shortly after the robbery, the pistol used in the robbery, the money taken in the robbery, and a signed admission of appellant shortly after his arrest were sufficient to support the verdict; and this enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 17, 1976 — DECIDED JANUARY 28, 1977.

*Henry C. Ross,* for appellant.

*Lewis R. Slaton, District Attorney, Dean R. Davis, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.