## 65230. KESLER v. VEAL et al.

BIRDSONG, Judge.

This is an appeal from a jury verdict awarding plaintiffs $400,000 in actual damages and a total of $950,000 in punitive damages against the three defendants in this wrongful death action. Only defendant Kesler has appealed from the verdict. The only enumerations of error concern the trial court's admission of the testimony of defendant Faircloth given in the previous criminal action against defendants Kesler and Crumpler. For a synopsis of that testimony, see *Kesler v. State,* 249 Ga. 462 (291 SE2d 497). No enumeration of error relates to the propriety of the damage award or any aspect of the case other than the Faircloth testimony and the sufficiency of the evidence absent that testimony. Consequently, our consideration of this case will be limited to the following questions:

(1) Whether testimony given in a criminal action by a witness compelled to testify in exchange for prosecutorial immunity may be used pursuant to OCGA § 24-3-10 (Code Ann. § 38-314) against an alleged accomplice in a subsequent civil trial; and (2) Whether the trial court erred in finding that Faircloth was inaccessible and allowing his testimony to be admitted pursuant to OCGA § 24-3-10 (Code Ann. § 38-314).

1. OCGA § 24-3-10 (Code Ann. § 38-314) provides that the "testimony of a witness since deceased, disqualified, or inaccessible for any cause which was given under oath on a former trial upon substantially the same issue and between substantially the same parties may be proved by anyone who heard it and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies." Appellant first argues that Faircloth's testimony should not be admitted pursuant to this code section because that testimony was compelled by the state after a grant of immunity. In support of his position, appellant notes that OCGA § 24-3-37 (Code Ann. § 38-408) specifically excludes from evidence "[a]dmissions obtained by constraint, by fraud, or by drunkenness induced for the purpose or admissions or propositions made with a view to a compromise . . . ." Appellant argues that Faircloth's admissions were obtained by constraint, through the grant of immunity, and should have been inadmissible against appellant, Faircloth's alleged co-conspirator in the wrongful death of appellees' decedent.

This appears to be a question of first impression in this state, as neither the court nor counsel has been able to locate a previous case in which this precise question was raised. However, this court has previously rejected the argument that an admission obtained as a result of a plea bargain in a criminal action should not be admissible in a subsequent civil action. "We reject the proposition that the result of a 'plea bargain' made in a criminal court should be regarded as a compromise that cannot be used in a civil case when the injured party has not participated nor had any voice in that arrangement made solely for the benefit of the accused." *Harrison v. Lawhorne,* 130 Ga. App. 314, 317-318 (203 SE2d 292). Thus, a guilty plea to a reduced criminal charge is proper evidence as an admission in a subsequent civil action, despite the fact that the admission was the result of a compromise in the criminal case.

Similarly, we hold herein that an admission adduced at a criminal trial pursuant to a grant of immunity from prosecution is not an admission "obtained by constraint" within the meaning of OCGA § 24-3-37 (Code Ann. § 38-408). If we were to reach a contrary conclusion, any admission made in a former proceeding wherein the

witness was "compelled" to testify by means of the subpoena power of the court could be classified as an admission obtained by constraint. Only the Fifth Amendment privilege against self-incrimination distinguished Faircloth from any other witness at the criminal trial, and when the state removed the possibility of criminal prosecution based on his testimony, this distinction vanished. Faircloth was "compelled" to testify just as any other witness subject to the power of the court is "compelled" to testify. Faircloth's testimony, including any admissions therein, was not excludable under OCGA § 24-3-37 (Code Ann. § 38-408).

2. Appellant lacks standing to challenge the admission of Faircloth's testimony on the ground that such action violated Faircloth's Fifth Amendment rights or the immunity agreement between Faircloth and the state. "The privilege against self-incrimination is that of the person under examination as a witness and is intended for his protection only; the defendant on trial has no standing to raise this issue." *Lively v. State,* 237 Ga. 35, 36 (226 SE2d 581). Appellant is without standing to the extent that he intimates a challenge to Faircloth's testimony on the basis of the latter's Fifth Amendment rights.

3. The trial court correctly ruled that the testimony of the alleged accomplice Faircloth given at appellant's criminal trial was admissible in the subsequent civil action, provided the testimony complied with the requirements of OCGA § 24-3-10 (Code Ann. § 38-314). The fact that the testimony was given pursuant to a grant of immunity went merely to its weight and was a matter for jury consideration. *Evans v. State,* 222 Ga. 392 (7) (150 SE2d 240).

4. Appellant agrees that Faircloth's testimony was "given under oath on a former trial, upon substantially the same issue and between substantially the same parties," OCGA § 24-3-10 (Code Ann. § 38-314), but disagrees with the trial court's determination that Faircloth was "inaccessible."

Faircloth is a defendant to this action but failed to appear at trial. His answer was stricken and a default entered. Approximately one week prior to trial, his attorney submitted a letter to the court requesting withdrawal as counsel. On the same date, the attorney was served with a subpoena commanding Faircloth's appearance at trial. The deputy sheriff serving the subpoena testified that he had made two or three attempts to locate Faircloth in Houston County and in Jonesboro, where his brother resided, prior to serving the subpoena on his attorney. His search included notifying informants that he was looking for Faircloth and covered a period of four to six months prior to trial.

"Before former testimony can be admitted the party offering it

must show that the witness is inaccessible; and the question of inaccessibility is one for the determination of the trial court in the exercise of a sound discretion and the trial court's ruling will not be disturbed unless a manifest abuse of discretion has been shown." *Robertson v. State,* 124 Ga. App. 119, 120 (183 SE2d 47). The primary consideration on appeal is not whether this court agrees with the trial court's finding, but whether that finding constitutes an abuse of discretion. *Clay v. State,* 238 Ga. 285 (232 SE2d 559). Although the evidence would have authorized the contrary conclusion, we cannot state that the trial court abused its discretion in finding Faircloth to be inaccessible and allowing his previous testimony.

5. Appellant's final enumeration of error challenges the trial court's denial of his motion for directed verdict. In view of our holdings in the divisions above, it is clear that the trial court properly denied the motion.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 31, 1983 —
REHEARING DENIED FEBRUARY 18, 1983 — 

*B. W. Walker, Denmark Groover, Jr.,* for appellant.
*Austin J. Kemp II,* for appellees.