### 72138. PRINCE v. KUJAWA et al.
(344 SE2d 680)

Deen, Presiding Judge.

William and Teresa Kujawa entered into an oral partnership agreement with Laymon Prince to build homes in the Woodgate subdivision in Catoosa County. The business was unsuccessful and on September 29, 1981, the parties signed a contract to dissolve the partnership. The agreement provided that Prince was indebted to William Kujawa in the amount of $12,800 and that Kujawa was not indebted to Prince in any amount "taking into account all setoffs, choses in action, and claims of all kinds." The remainder of the contract set forth various ways in which the indebtedness could be paid. The Kujawas brought suit against Prince contending that he paid only $1,745.41 of the indebtedness under the contract and had failed to pay the remaining $11,054.59. At trial, appellant admitted on cross-examination that on the date the contract was signed he owed the Kujawas $12,800, and that he had not made any payments on this obligation.

Prince received two pieces of partnership property when the contract was signed and sold one of them to the Witzels, who agreed to make second mortgage payments to the Kujawas. The appellees accepted a promissory note and security deed from the Witzels as a second mortgage in the amount of $11,548.68. The Kujawas received $1,745.41 in mortgage payments from the Witzels prior to their filing a Chapter 7 bankruptcy petition. Their interest in the property disappeared when the first mortgagee foreclosed. (The second piece of property received by Prince was sold three years after the contract was signed.) At the time the parties were deposed, it was undisputed that appellees did not agree to release Prince from the debt by accepting payments from the Witzels. At trial, however, Prince testified that William Kujawa agreed to release him from the debt if the Witzels paid off the debt in five years. This testimony was impeached by his prior inconsistent deposition statement and he could not explain why he had changed his story. The jury verdict awarded the appellees the amount prayed for in the complaint and Prince appeals.

1. Prince first contends that the trial court erred in refusing to grant his motion for a directed verdict as to the issue of a money judgment against him personally.

Appellant argues that he was entitled to a directed verdict because, under the contract, no money judgment could be obtained against him personally. Appellant admitted at trial that on the date

he entered into the contract he owed appellees $12,800, and that the only check he paid to appellees after that date was a gift. His testimony that the appellees' acceptance of a second mortgage from the Witzels was an accord and satisfaction was impeached by his prior inconsistent statement. As to his claim that the contract bars a money judgment against him, we find no such language contained in the contract. Provision 1 provides that Prince is indebted to William Kujawa in the amount of $12,800 and states the factors that were considered to reach this amount. Provision 3 states that claims by Kujawa "operate as a lien only upon the real property of the partnership owned by Laymon F. Prince and Annie Laura Prince . . . or any other real property of the partnership."

Under provision 4, "upon payment of twelve thousand eight hundred ($12,800) dollars, to William Kujawa by Laymon F. Prince, all claims, rights, and demands of William Kujawa against the partnership, Laymon F. Prince or Annie Laura Prince shall be terminated and satisfied." Provision 5 provides, "Payment of said amount shall be made when either of the above-referenced lots are sold by Laymon F. Prince and Annie Laura Prince." The remainder of that clause provided that in the event that the amount was not paid within ninety days, Kujawa would have the right to purchase a certain described lot of $90,000. The remainder of the contract contained a "hold harmless" provision in favor of Kujawa, an agreement by Prince to publish the necessary notices, to notify parties, and take care of all the details that were necessary to wind up the partnership business, and a clause that upon payment of the $12,800, the Kujawas would release any liens they had against the partnership property.

This contract is very ambiguous and the trial court did not err in denying appellant's motion for a directed verdict. Even after applying all the rules of construction, the court could not possibly construe it and correctly submitted it to the jury for interpretation. As in *Crestlawn Memorial Park v. Scott*, 146 Ga. App. 715, 717 (247 SE2d 175) (1978), we find that the "disagreement as to the intent of the parties was an evidentiary, factual matter for resolution by the jury and not a matter of law for determination by the court." We find no error in denying the motion for a directed verdict and submitting this issue to the jury.

2. The trial court did not err in refusing to permit appellant to testify as to the amount of money taken out of the partnership by Kujawa prior to the parties entering into the agreement to dissolve the partnership. It was undisputed that at the time the parties signed the agreement that Prince owed the Kujawas $12,800. The question posed by appellant was irrelevant to the issue at trial. The trial judge has the discretion to control the scope of cross-examination and the exercise of this discretion will not be reviewed absent abuse. *Mullins*

*v. State*, 157 Ga. App. 204, 207 (276 SE2d 877) (1981). The right to cross-examination is not abridged where the examination is limited by the trial court to relevant matters by proper questioning. *Crawford v. State*, 154 Ga. App. 362, 363 (268 SE2d 414) (1980).

3. It was not error for the trial judge to allow a copy of the third parties' bankruptcy petition and discharge to be entered into evidence. No objection was raised to the fact that the Witzels had filed a Chapter 7 Bankruptcy and received a discharge. Where, as here, appellant claimed accord and satisfaction by the Witzels' partial payments to appellees, the evidence was relevant to rebut the accord and satisfaction defense.

4. In his final enumerations of error, appellant asserts the general grounds. We have reviewed the trial transcript and find that the jury verdict was supported by the evidence.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED APRIL 7, 1986 —
REHEARING DENIED APRIL 24, 1986 — ▬

*William M. Phillips*, for appellant.
*Joseph E. Willard, Jr.*, for appellees.