A89A1155. TURNER v. CONNOR.
(385 SE2d 19)

BANKE, Presiding Judge.

The appellee sued to recover for alleged defects in certain used dry cleaning equipment which she had purchased from the appellant. The appellee had paid the appellant $16,000 for the equipment itself and had paid him an additional $10,000 to install it on the premises of her cleaning business. The pre-trial order specified that the claim was based on the appellant's alleged failure to honor an express one-year warranty on the equipment and further specified that recovery was sought for the following elements of damage: "Costs of repair to put equipment in merchantable condition, amount of additional expense [incurred] for dry cleaning fluid as a result of defective equipment, [and] loss of business as a result of defective equipment."

The case was tried before a jury. At the conclusion of the appellee's evidence, the trial court directed a verdict in the appellant's favor with respect to the appellee's claim for damages for lost business. The jury subsequently returned a verdict against the appellant in the amount of $18,000 on the remaining damage claims. In this appeal from the denial of his motion for new trial or, in the alternative, for judgment notwithstanding the verdict, the appellant contends that this award was not supported by the evidence. *Held:*

While the evidence would have supported an award of damages in favor of the appellee in some amount, we must agree with the ap-

pellant that it did not support an award of damages in the amount of $18,000. With regard to her claim that the defects in the machine had caused her to have to purchase more dry cleaning fluid than she would otherwise have had to purchase, the appellee testified that she did not know how much additional expense she had actually incurred in this regard. She merely introduced evidence showing her total expenditures for dry cleaning fluid during the three years she had been using the machine and testified that, due to leaks in the machine, she was *initially* using more than half again as much fluid as she should have been using. There was no reasonable basis upon which the jury could have determined from this evidence what portion of her total consumption of dry cleaning fluid during the three-year period in question had been attributable to defects in the machine. Indeed, the appellee has still not suggested, to this date, what a reasonable figure for this element of damages would have been.

The burden is on the plaintiff in a breach of contract action to provide evidence "which will furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of the damages. . . . It cannot be left to speculation, conjecture and guesswork." *Bennett v. Assoc. Food Stores*, 118 Ga. App. 711, 716 (165 SE2d 581) (1968). That burden clearly was not met with respect to this element of damages.

With respect to the cost of repairing the asserted defects in the machine, the evidence showed total expenditures for such repairs in the amount of $1,120.83. The only other evidence of damages consisted of the appellee's testimony that, in her opinion, the fair market value of the machine was only about $8,000, which was $8,000 less than she had paid for it. However, the appellee's opinion in this regard was without probative value inasmuch as she was not qualified as an expert in valuing such machinery and did not disclose how she had arrived at this opinion. See generally *Hoard v. Wiley*, 113 Ga. App. 328 (1), 332-3 (147 SE2d 782) (1965). Furthermore, even accepting as correct the appellee's estimate of the disparity between the actual market value of the machine and the amount she had paid for it, the jury could not have awarded her $18,000 based on this theory of recovery without concluding that she had received no value whatever for the $10,000 she had paid for the installation of the machine; and the appellee has suggested no basis upon which the jury would have been authorized to reach such a conclusion.

For the foregoing reasons, we hold that the trial court erred in denying the appellant's motion for new trial. However, inasmuch as the evidence would have supported an award of damages in favor of the appellee in some amount, we hold that the trial court did not err in denying the appellant's alternative motion for judgment notwithstanding the verdict.

*Judgment affirmed in part and reversed in part. Sognier and Pope, JJ., concur.*

DECIDED JULY 14, 1989.

*Bouhan, Williams & Levy, Roy E. Paul, Susan B. Paul*, for appellant.

*Karen D. Barr*, for appellee.