## A89A1274. THOMAS v. THE STATE.
### (386 SE2d 402)

McMurray, Presiding Judge.

Via indictment, defendant was accused of trafficking in cocaine and possessing cocaine with intent to distribute. Although he was acquitted upon the trafficking count, defendant was convicted of the possession with intent to distribute count and was sentenced to serve 25 years in the penitentiary. This appeal followed. *Held*:

1. In his first enumeration of error, defendant asserts the trial court erred in ruling that the testimony of a witness, which was adduced at a motion to suppress hearing, could not be read to the jury pursuant to OCGA § 24-3-10 because defendant failed to demonstrate that the witness (who was indicted with defendant but who was to be tried separately) was inaccessible. We disagree.

" 'Before former testimony can be admitted the party offering it must show that the witness is inaccessible; and the question of inaccessibility is one for the determination of the trial court in the exercise of a sound discretion and the trial court's ruling will not be disturbed unless a manifest abuse of discretion has been shown.' *Robertson v. State*, 124 Ga. App. 119, 120 (183 SE2d 47). The primary consideration on appeal is not whether this court agrees with the trial court's finding, but whether that finding constitutes an abuse of discretion. *Clay v. State*, 238 Ga. 285 (232 SE2d 559)." *Kesler v. Veal*, 165 Ga. App. 475, 477 (4), 478 (300 SE2d 217).

We find no manifest abuse of discretion regarding the trial court's finding of inaccessibility. Counsel for defendant merely stated that an order forfeiting the witness' bond had been issued; that he engaged a number of people to locate the witness with no success; and that he "heard through the grapevine" that the witness was in Miami, Florida. Defendant offered no witnesses to demonstrate the degree of diligence used to locate the witness. See *Jones v. State*, 250 Ga. 166, 167 (2) (296 SE2d 598); *Gaither v. State*, 227 Ga. 668 (182 SE2d 434). Accordingly, it cannot be said the trial court erred in refusing to permit the introduction of the witness' motion to suppress testimony.

We cannot accept defendant's contention that the witness' testimony should have been admitted because "the prior statements of a *party* may always be shown." The witness was not a party — his case was severed from defendant's case. Besides, the witness and defendant were not opponents. See generally Green, Ga. Law of Evidence

(3d ed), § 233.

2. During the course of trial, defendant called the assistant district attorney to the stand and questioned him about various offers of leniency which were made to other individuals to obtain their testimony against defendant. Earlier, at the outset of the trial, defendant announced that he intended to call the assistant district attorney as a witness and he moved to have him disqualified, arguing the assistant district attorney should not be permitted to act as both advocate and witness. The trial court denied defendant's motion to disqualify the assistant district attorney.

Defendant contends the trial court erred in failing to disqualify the assistant district attorney. This contention is without merit. The assistant district attorney's testimony pertained to formal matters only. See *Gonzalez v. State*, 175 Ga. App. 217 (1) (333 SE2d 132). It cannot be said, therefore, that the trial court erred in denying the motion to disqualify the assistant district attorney. See *Timberlake v. State*, 246 Ga. 488, 500 (7) (271 SE2d 792).

3. During closing argument, the assistant district attorney rhetorically asked the jury if it believed defendant's "ludicrous accusation" that the State fabricated the case against defendant in order to seize a Ford Bronco automobile. Defendant's objection to the argument was overruled.

In his final enumeration of error, defendant asserts the trial court erred in overruling the objection to the assistant district attorney's argument. We disagree. The assistant district attorney was simply responding to defendant's contention that he was being framed by the State. This he was permitted to do. See *Eubanks v. State*, 240 Ga. 544, 547 (3), 548 (242 SE2d 41).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1989.

*Herbert Shafer*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Keith L. Lindsay, Assistant District Attorneys*, for appellee.