## A90A1224. SIMMONS v. WEBER.
### (398 SE2d 795)

BANKE, Presiding Judge.

The appellee, Leo Weber, joined by his brother John Weber, brought this suit to recover damages for breach of contract and fraud in connection with their purchase of a fire-damaged 1979 Corvette automobile from the appellant, Ernie Simmons, Sr. Subsequent to the commencement of the action, John Weber sold his interest in the vehicle to the appellee, assigned his cause of action to him, and filed a voluntary dismissal of his claim without prejudice. The case was thereafter tried before a jury, which awarded the appellee $12,000 as actual damages and $2,000 as punitive damages. The trial court overruled the appellant's subsequent motions for new trial and judgment notwithstanding the verdict, and this appeal followed.

When the appellant, who is in the auto parts business, acquired the fire-damaged vehicle, it carried a "parts-only" designation which prevented it from being registered as a motor vehicle. The appellee and his brother purchased the vehicle from the appellant on March 16, 1985, for $3,941.60. However, the sales receipt and bill of sale were made out only to the appellee's brother, because the two of them intended at that time that he would transport the car to his home state of North Dakota for resale. It was established that the appellant's son, who had handled the negotiations surrounding the transaction, had represented to the appellee and his brother that a title to the vehicle would be forthcoming and had written "title guaranteed" on the sales receipt. The brothers rebuilt the Corvette during the following month but thereafter learned that it could not legally be driven because, due to its "parts-only" designation, the Motor Vehicle Division of the Georgia Department of Revenue would not issue a title for it. However, it appears that the appellee did finally secure a certificate of title for the vehicle a week and a half prior to the trial of the present action. *Held*:

1. The appellant contends the trial court erred in refusing to grant a directed verdict or judgment notwithstanding the verdict on the ground that the appellee was not the proper party to pursue the claim. As there was evidence from which it could be inferred that the appellee was a joint-purchaser of the vehicle and that he had obtained a valid assignment of his brother's interest in the car, we find this enumeration of error to be without merit.

2. The appellant contends that the award of actual damages in the amount of $12,000 was not supported by the evidence. We agree. The appellee sought to recover his full investment in the vehicle, consisting of the purchase price ($3,941.60), the cost of the parts ($2,642.76) and labor (valued at $4,080) involved in restoring it, and storage expenses ($1,440). He also sought to récover damages for de-

preciation (estimated at $6,000) and for the interest income (estimated at $500) he allegedly could have earned on the purchase price. Pretermitting whether all of these alleged elements of damage, which total over $18,604.36, could otherwise be considered recoverable, the appellee obviously was not entitled *both* to retain the vehicle *and* to recover his entire investment in it.

"Fraud ordinarily gives the injured party the right either to rescind the contract, or, by affirming the same, to claim damages." *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727, 728 (3) (16 SE2d 176) (1941); OCGA § 13-5-5. Since the appellee elected to keep the car, he was entitled to recover "the actual loss proximately caused by the misrepresentation." *Citizens Bank of Ball Ground v. Johnson,* 191 Ga. App. 155, 158 (2) (381 SE2d 121) (1989). "[I]f the contract is one of purchase and sale the actual damages are the difference between the value of the thing sold at the time of delivery and what its value would have been if the representations made had been true." *Windsor Forest, Inc. v. Rocker,* 115 Ga. App. 317, 322 (2) (154 SE2d 627) (1967).

There was testimony that the actual market value of the car at the time of the sale was $1,775, and the money and effort expended by the appellee and his brother in restoring the vehicle prior to learning of its "parts-only" designation obviously increased its value to some extent. Clearly, there was no way the jury could have determined under the circumstances that the appellee had sustained net damages in the amount of $12,000 as a result of the misrepresentation concerning the registration status of the vehicle. We accordingly hold that the trial court erred in denying the appellant's motion for new trial. "However, inasmuch as the evidence would have supported an award of damages in favor of the appellee in some amount, we hold that the trial court did not err in denying the appellant's alternative motion for judgment notwithstanding the verdict." *Turner v. Connor,* 192 Ga. App. 348, 349 (385 SE2d 19) (1989). We further hold that any retrial should be limited to the issue of damages "since the original verdict established liability." *Phoenix Airline Svcs. v. Metro Airlines,* 194 Ga. App. 120, 127 (390 SE2d 219) (1990).

3. The appellant contends that the trial court erred in refusing to give his requested charge on impeachment. As the charge given included the substance of the appellant's requested charge on this issue, we find this enumeration to be without merit. See *Gay v. City of Rome,* 157 Ga. App. 368, 370 (3) (277 SE2d 741) (1981).

4. Having determined that the appeal was meritorious, we must necessarily deny the appellee's motion seeking the assessment of a ten-percent penalty against the appellant pursuant to OCGA § 5-6-6 for filing a frivolous appeal.

*Judgment affirmed in part and reversed in part. Birdsong and*

*Cooper, JJ., concur.*

DECIDED NOVEMBER 1, 1990.

*Jeffrey B. Talley & Associates, Jeffrey B. Talley,* for appellant.
*Patrick F. McMahon,* for appellee.