A91A0703. DICK 'N DALE SYSTEMS, INC. et al. v. DANWIL INTERNATIONAL TRADING COMPANY et al.
(406 SE2d 270)

BIRDSONG, Presiding Judge.

Danwil International Trading Company (Danwil) and Khalid Abdulrahyman Al Saleh (Saleh) contracted with Dick 'N Dale Systems, Inc., to purchase irrigation systems for Saleh in Saudi Arabia, and paid $354,000 including shipping costs. After the goods arrived, the purchasers notified Richard Friedlander, principal of Dick 'N Dale, that inter alia there were multiple deficiencies in the parts received. According to the evidence, Dick 'N Dale and Friedlander re-

fused to remedy the situation and did not answer Danwil's and Saleh's complaints of breach of warranty, and Friedlander refused to go to Saudi Arabia at Danwil's expense.

Danwil and Saleh sued Dick 'N Dale for breach of contract and breach of warranty, contending also that Dick 'N Dale was a "shell corporation" through which Friedlander routinely transferred personal moneys, so as to pierce the corporate veil. The jury returned a verdict against Dick 'N Dale and Friedlander for $60,000. Dick 'N Dale and Friedlander appeal, complaining they were entitled to a directed verdict for plaintiffs' failure to prove the proper measure of damages for breach of warranty pursuant to OCGA § 11-2-714 (2); and that plaintiffs' evidence of damages was insufficient to allow the jury to reach a verdict without guesswork and speculation. *Held*:

On appeal of a jury verdict and judgment, the party alleging error has the burden to show error affirmatively by the record, and when the burden is not met, the judgment is assumed to be correct and must be affirmed. *Sycamore Pellet Systems v. Southeastern Steam*, 196 Ga. App. 717, 718 (397 SE2d 6). A directed verdict is authorized only where there is no conflict in the evidence, and the evidence and all reasonable deductions therefrom *demand* a certain verdict (OCGA § 9-11-50 (a)); when the jury has rendered a verdict and a complaint on appeal is addressed to the sufficiency of the evidence, the appellate court does not weigh the evidence but only determines whether there is any evidence to support the verdict. *Bridges v. Schier*, 195 Ga. App. 583, 584 (1) (394 SE2d 408).

Plaintiffs did not frame their suit or their proof merely on grounds of breach of warranty, but pleaded breach of contract as well, and were therefore not restricted to the requirements of OCGA § 11-2-714 (2) as to proof of damages in cases of breach of warranty in commercial transactions. On appeal, appellants do not suggest or demonstrate that plaintiffs had no right to prove damages as for breach of contract including costs of repair, transportation, storage, and other expenses arising out of appellant's breach of contract (OCGA § 13-6-2); and appellants have not shown affirmatively by the record that the plaintiffs' evidence does not support at least one of the other theories of recovery in the case, specifically, breach of contract. Plaintiffs produced ample and detailed evidence, not of a speculative nature, to support the jury's award of $60,000 in damages. *Turner v. Connor*, 192 Ga. App. 348 (385 SE2d 19). Accordingly, the verdict and judgment are affirmed.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED MAY 31, 1991.

*Moore & Chambless, C. Saxby Chambless*, for appellants.
*Langley & Lee, C. Richard Langley*, for appellees.