A93A0279. LONG v. JONES et al.
(432 SE2d 593)

ANDREWS, Judge.

Long brought this action against Elton Jones, the sheriff of Troup County, and officers Hammond, Hethcox and Talley of the Troup County Sheriff's Department, in their individual and official capacities, alleging the defendants violated his rights under the United States and Georgia Constitutions while he was a pre-trial detainee at the Troup County jail. As to the federal constitutional claims, the complaint states a cause of action pursuant to 42 USC § 1983 alleging the defendants, acting under color of state law, deprived Long of his rights under the Eighth, Fourteenth, Sixth and First Amendments by continuously restraining him with leg irons, waist chains, and handcuffs for a period of 22 days while he was being held in a cell at the jail. Long also alleged that these actions violated his right under Art. I, Sec. I, Par. XVII of the Georgia Constitution not to be abused while under arrest and detained for trial.

The defendants moved for partial summary judgment on all the constitutional claims on the sole ground that Long had been restrained in his cell for security reasons for only two to three days, and that such restraint did not amount to a deprivation of any constitutional rights.[1] Long filed a motion for partial summary judgment on

---

[1] The sole issue presented on summary judgment was whether the actions taken deprived Long of a constitutional right. Whether the actions taken demonstrated an intentional

the same ground seeking a ruling that the restraints placed on him deprived him of his Eighth Amendment right not to be subjected to cruel and unusual punishment. The trial court denied Long's motion, and granted the defendants' motion finding no constitutional deprivation. In three enumerations on appeal, Long claims the trial court erred by granting the defendants' motion and denying his motion because: (1) the restraints violated his due process rights under the Fourteenth Amendment; (2) the restraints violated his right not to be abused while under arrest as set forth in Art. I, Sec. I, Par. XVII of the Georgia Constitution; and (3) the restraints constituted a battery upon his person.

1. First, we address Long's claims that the trial court erred by denying his motion for partial summary judgment. Long sought summary judgment solely on the basis that the restraints placed on him violated the Eighth Amendment prohibition against cruel and unusual punishment. Since Long was a pre-trial detainee, not a convicted inmate, his claims involve the due process clause rather than the Eighth Amendment. While due process prohibits punishment of a pre-trial detainee, a convicted inmate may be punished, but not in a cruel and unusual manner in violation of the Eighth Amendment. *Bell v. Wolfish*, 441 U. S. 520 (99 SC 1861, 60 LE2d 447, 466, n. 16) (1979). There was no error in the trial court's denial of the motion brought on Eighth Amendment grounds. On appeal, Long asserts the trial court erred, not by denying his Eighth Amendment claim, but on various other grounds not asserted in the motion below. This court will not consider claims raised for the first time on appeal. *Dupree v. State*, 206 Ga. App. 4 (424 SE2d 316) (1992). Accordingly, we find no merit in Long's claims that the trial court erred by denying his motion for partial summary judgment.

2. Long does not contest certain aspects of the trial court's grant of partial summary judgment in favor of the defendants. Since Long does not assert error in the trial court's order concerning his First, Sixth, and Eighth Amendment claims, the trial court's grant of partial summary judgment in favor of the defendants is affirmed as to these constitutional claims. Additionally, Long claims no error in the trial court's grant of partial summary judgment in favor of defendants Hammond, Hethcox, and Talley. Accordingly, the grant of partial

policy or custom, or whether Sheriff Jones' actions represented official policy, or whether qualified immunity applies, are not at issue. See *Poss v. City of North Augusta &c.*, 205 Ga. App. 894, 895 (424 SE2d 73) (1992); *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 304 (357 SE2d 569) (1987); *Jett v. Dallas Independent School Dist.*, 491 U. S. 701 (109 SC 2702, 105 LE2d 598, 627-628) (1989); *Forney v. Purvis*, 190 Ga. App. 192, 195-196 (378 SE2d 470) (1989). Long's complaint also contained an allegation that his constitutional rights were violated when he was struck by defendant Talley. This claim was not addressed on summary judgment and is not at issue in this appeal.

summary judgment is affirmed as to these defendants.

3. As to the remaining enumerations, Long claims the trial court erroneously granted partial summary judgment in favor of Jones in his individual and official capacities as sheriff of Troup County, because the restraints placed upon him violated the due process clause of the Fourteenth Amendment, the prohibition against abuse while under arrest contained in Art. I, Sec. I, Par. XVII of the Georgia Constitution, and were a battery. We conclude the trial court erred in granting Jones' partial summary judgment motion because questions of fact remain as to whether the restraints were imposed by Jones on Long as punishment in violation of his due process rights as a pre-trial detainee. In reaching this conclusion, we need not independently address Long's claims that the restraints were a battery and violated the Georgia Constitution. Long does not contend the restraints were a battery as the basis for an independent claim for damages, but alleges this in support of his constitutional claims. We also conclude that Art. I, Sec. I, Par. XVII of the Georgia Constitution, which states that no person shall be abused while under arrest, provides an independent state ground for this action, and provides at least as much protection to pre-trial detainees under the circumstances of this case as the Fourteenth Amendment due process clause.[2] Since we conclude minimum federal constitutional standards dictate reversal of the summary judgment order, we need not consider whether Georgia's constitutional prohibition against abuse may provide more protection to Long than federal due process standards. See *Fleming v. Zant*, 259 Ga. 687, 689-690 (386 SE2d 339) (1989).

It is uncontested that about a week after Long was incarcerated as a pre-trial detainee at the Troup County jail on rape charges, he escaped. He was recaptured a day later, and transferred to the Troup County Correctional Institute, where about a month later he escaped again. A week later he was recaptured and returned to the Correctional Institute. Three weeks later he escaped again. After two weeks he was recaptured in Iowa, and was charged with the additional crimes of kidnapping, assault, and rape committed during his third escape. After his third escape, Long was placed in an isolation cell at the Troup County jail.

Long contends that after being locked in the isolation cell, he was restrained inside the cell for twenty-two days with handcuffs connected to waist chains, and with leg irons comprised of cuffs on each ankle connecting his legs with about two inches of chain. In his affidavit, Long states: "These chains made it very difficult for me to eat

---

[2] The question of immunity under the state law claim is not before us. See *Strickland v. Wilson*, 205 Ga. App. 91 (421 SE2d 94) (1992); *Alford v. Osei-Kwasi*, 203 Ga. App. 716, 723 (418 SE2d 79) (1992).

and sleep and take care of myself in any normal way. They were kept on me for 24 hours a day."

Sheriff Jones contends that after being placed in the isolation cell, Long began to remove a wire mesh covering the inside of the barred cell window, and told Jones that he intended to escape again. Jones also expressed concern that the isolation cell had a window in the steel door similar to one Long had used to previously escape from another cell. Jones claims that he restrained Long in handcuffs, waist chains and leg irons for two to three days as a security measure to prevent a fourth escape, not as punishment, and that based on a later discussion he had with Long he determined the security risk had passed and removed the restraints. According to Jones, the leg irons had a connecting chain of two-and-one-half to three feet, and the restraints allowed Long enough freedom of movement to eat, walk, use the rest room and maintain his personal hygiene. Long denied he told anyone he planned to escape, denied he tore wire mesh from the cell window, and claimed it would have been impossible for him to escape through the window in the steel door.

In *Bell v. Wolfish*, supra, the Supreme Court first considered the scope of constitutional protection accorded to pre-trial detainees in light of legitimate security concerns at detention facilities. The Court concluded that under the Due Process clause a pre-trial detainee may not be punished, and that the proper inquiry is whether the conditions of confinement complained of amount to punishment of the detainee. Id. at 60 LE2d 466. In applying this rule, "[a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which (the restriction) may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned (to it). Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' Conversely, if a restriction or condition is not reasonably related to a legitimate goal — if it is arbitrary or purposeless — a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." (Citations and footnote omitted.) Id. at 60 LE2d 468.

In setting forth these guidelines, however, *Bell* cautioned that courts should have a limited role in the administration of detention facilities, and that in assessing whether a specific restraint is reasonably related to security interests, courts should "heed our warning that '(s)uch considerations are peculiarly within the province and profes-

802

sional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment. . . .' Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape. . . . Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 60 LE2d 469-474; *Block v. Rutherford*, 468 U. S. 576 (104 SC 3227, 82 LE2d 438, 445-446) (1984).

Construing the evidence in favor of Long as respondent on summary judgment, and applying it in light of the above principles, we conclude a genuine issue of fact is presented as to whether Long's due process right not to be punished as a pre-trial detainee was violated by the restraints placed upon him by Sheriff Jones. Without doubt, Long was a dangerous prisoner posing a severe security risk. Nevertheless, Long was secured in an isolation cell when the restraints were imposed. Differing accounts were given as to whether Long was damaging the cell in an attempt to escape, and what the actual risk may have been that he might escape for a fourth time if not restrained. In opposition to Sheriff Jones' affidavit and deposition testimony, Long produced an affidavit from a corrections expert stating that, although restraints such as cuffs and chains are proper security devices, the manner and duration of the restraints imposed under the present circumstances was an exaggerated and unjustifiable response to the security risk. A question of fact is presented as to whether the restraints were punishment, rather than a reasonable response to legitimate security concerns. Accordingly, the trial court erred by granting partial summary judgment in favor of Sheriff Jones.

*Judgment affirmed in part and reversed in part. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 2, 1993.

*Ralph S. Goldberg, Bensonetta T. Lane*, for appellant.
*Willis, McKenzie & Long, Edward L. Long, Jr.*, for appellees.