A93A2343. BALLARD v. CLAYTON COUNTY HOSPITAL AUTHORITY.
(439 SE2d 672)

BLACKBURN, Judge.

The appellant, Rozie Ballard, in her capacity as the surviving widow and administratrix of the estate of the decedent, Mitchell Ballard, filed the instant wrongful death action against the appellee, Clayton County Hospital Authority d/b/a Clayton General, for Clay-

ton General's alleged negligence in failing to properly monitor the decedent who had a history of irrational behavior. Hospital personnel allegedly allowed the decedent to leave the hospital's premises where he was exposed to sub-freezing temperatures before his body was discovered two days later. Following a five-day jury trial, a judgment was entered on the jury's verdict in favor of Clayton General. Ballard's motion for a new trial was subsequently denied by the trial court, and this appeal followed.

At trial, Ballard presented the expert testimony of Fred Ellison, a retired hospital administrator, in support of her claim of hospital negligence. During cross-examination, Ellison was questioned on the nature of his fee arrangement with Ballard, and indicated that he was paid on an hourly basis, denying that he worked on a contingency fee basis. In an attempt to impeach his testimony, counsel for the defense presented a letter written to Ellison by another consultant who had initially examined the records of the case and had referred the case to Ellison. The consultant did not testify at trial.

In the letter, which Ellison acknowledged receiving, the consultant stated that he had established fees with Ballard's attorney for Ellison of $50 per hour for case review; $100 per hour for written or oral testimony; $4,000 per each $100,000 of any settlement, and travel as well as out-of-pocket expenses. Ellison denied that he had a financial interest in the outcome of the case. Ballard's counsel objected to the admission of this letter, asserting that the letter was irrelevant, immaterial, and inadmissible hearsay. The letter was admitted over counsel's objection.

1. In her first enumeration of error, Ballard maintains that the trial court erred in admitting this letter of an out-of-court declarant as it contained impermissible hearsay. Ballard further asserts that this error warrants a new trial. While we agree with Ballard that the letter was improperly admitted, its admission does not warrant reversal.

In *Renew v. Edenfield*, 200 Ga. App. 484 (2) (408 SE2d 499) (1991), we rejected the use of a radiology report of an out-of-court physician for impeachment purposes, as the report constituted hearsay not within a recognized exception. In the case sub judice, the expert was questioned about the nature of his fee arrangement based upon the letter of an out-of-court declarant. As we stated in *Renew*, there is no general rule that allows all hearsay evidence to be used for impeachment purposes. Accordingly, the trial court erred in admitting this letter for such purpose. However, this letter did not impeach Ellison's testimony as the letter does not show that Ellison agreed to accept the case on a contingency basis, contrary to his testimony, and merely shows that the consultant discussed payment arrangements on behalf of Ellison.

Moreover, Ellison testified without objection that he discussed the possibility of receiving a contingency fee with Ballard's attorney, and he declined the offer. Consequently, the erroneous admission of the letter was harmless inasmuch as the contents of the letter were subsequently disclosed without objection. See *Kennedy v. State*, 205 Ga. App. 152 (421 SE2d 560) (1992). "Where error is harmless, reversal is not indicated. [Cit.]" *Kilgo v. State*, 198 Ga. App. 762, 764 (403 SE2d 216) (1991). See also *Butts v. State*, 198 Ga. App. 368 (4) (401 SE2d 763) (1991). Accordingly, the trial court did not err in denying Ballard's motion for new trial on this basis, and enumerations of error 1 and 3 are without merit.

2. In her second enumeration of error, Ballard asserts that the trial court erred in questioning the expert on the consultant's fee in the case and the consultant's future involvement in the case. However, Ballard did not object to this line of questioning at trial. As this court has repeatedly held, "[a]n objection cannot be raised for the first time on appeal. [Cit.]" *Womack Indus. v. Loadstar*, 204 Ga. App. 802, 803 (420 SE2d 659) (1992). See also *Long v. Jones*, 208 Ga. App. 798 (432 SE2d 593) (1993); *Abreu v. State*, 206 Ga. App. 361 (2) (425 SE2d 331) (1992); *Dupree v. State*, 206 Ga. App. 4 (2) (424 SE2d 316) (1992). Accordingly, this enumeration presents nothing for appellate review.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 22, 1993 —
RECONSIDERATION DENIED DECEMBER 7, 1993 —

*Albert B. Wallace, Stephen B. Wallace II*, for appellant.
*Oliver, Duckworth, Sparger & Winkle, William H. Duckworth, Jr.*, for appellee.