A94A0661. YUSCAVAGE v. JONES.
(446 SE2d 209)

Judge Harold R. Banke.

The appellee, Darryl Jones, commenced this medical malpractice action against the appellant, Dr. George Yuscavage, alleging permanent injury resulting from negligent medical treatment following a single-car accident. The jury returned a verdict in favor of the appellee for $1,400,000, and this appeal followed.

Shortly after 8:00 p.m. on June 26, 1989, the appellee lost control of the car he was driving and ran off the road. The vehicle skidded over 200 feet, rolled over, and came to rest upside down. After the appellee was extricated from the wreckage, he was immobilized with a neck collar and spine board and transported to the emergency room at Baldwin County Hospital. Initially, the appellee had no movement or sensation in his arms and legs, but by the time he arrived at the hospital, he had regained motor function and sensation in his arms, as well as sensation in his legs.

Within 20 minutes of the appellee's arrival, the appellant ordered the removal of the neck collar and spine board. Based upon his neurological and X-ray examination of the appellee which he interpreted as normal, the appellant released the appellee. However, when two attempts to discharge the appellee failed because he could not stay on his feet, the appellee remained at the emergency room until a neurologist could examine him.

A neurologist eventually examined the appellee approximately seven hours after his admission to the emergency room and transferred him to the Medical Center of Central Georgia, where he was diagnosed as having a central cord syndrome. The appellee was later admitted to the Shepherd Spinal Center for one month, and was

treated for brachial plexus injury. The appellee regained full use of his legs, but the neurological impairment to his arms and hands is permanent.

At trial, expert witnesses testified that the appellee most likely sustained an injury to the ligaments of his cervical spine during the automobile collision, causing some instability of the cervical spine. These experts opined that if the appellee had been properly immobilized, his recovery probably would have been complete. However, the premature removal of the immobilization devices subjected the appellee to a secondary injury to his spinal cord caused by movement, and the appellee's permanent impairment to his arms and hands resulted from that secondary injury.

1. Although the appellee denied being intoxicated at the time of the accident, he admitted to having drunk two to three 16-ounce cans of beer. Testing of a blood sample drawn at 10:43 p.m. revealed a blood-alcohol level of .06. The appellant contends that the trial court erred in granting the appellee's pretrial motion in limine to exclude the results of that blood test.

The cause of an injury for which a party seeks medical treatment has no relevancy as to whether the party contributed to a subsequent injury allegedly caused by negligent medical treatment. *Overstreet v. Nickelsen*, 170 Ga. App. 539, 540 (1) (317 SE2d 583) (1984); see also *Martin v. Reed*, 200 Ga. App. 775 (5) (409 SE2d 874) (1991). Accordingly, to the extent proffer of the results of the blood-alcohol test was intended to show that the appellee was intoxicated, the test results were properly excluded as irrelevant.

The appellant further contends that the test results were admissible to impeach the appellee's testimony that he was not drunk at the time of the accident. However, other evidence concerning the appellee's degree of intoxication was admitted. The investigating officer testified that he observed 31 empty beer cans in the appellee's car and that the appellee reeked of alcohol. The appellee admitted to the officer that he had been drinking heavily and ultimately pled guilty to the offense of being drunk on the highway. Under these circumstances, even if the test results were admissible for the limited purpose of impeachment, its exclusion was harmless since evidence of similar import was admitted. *Mabry v. Henley*, 123 Ga. App. 561, 567 (1) (181 SE2d 884) (1971).

The appellant also argues that the blood test results should have been admitted to explain the appellee's behavior that hindered accurate diagnosis. However, the appellant was not otherwise prevented from developing evidence of the appellee's intoxication for that purpose, and we find no harm in the exclusion of the test results on that basis.

2. The appellant contends that the trial court erred in admitting

into evidence two incident reports prepared by hospital personnel, but excluding a report prepared by the police officer who investigated the accident. We disagree.

During opening statement, the appellant suggested that the appellee's claim of having fallen during the attempts to discharge him from the emergency room was concocted after he commenced this action. In response, the appellee adduced the testimony and incident reports of the emergency room nurse clinical coordinator and one of the nurses who assisted in the attempted discharge of the appellee. Their incident reports were prepared during or immediately following the appellee's emergency room admission; one report refers to a complaint by the appellee's mother that the appellee had fallen, and the other report actually describes the appellee's fall. During the trial, both nurses testified without objection about all material facts contained in those reports, and any error in the admission of the actual incident reports was harmless. *Brewer v. Williams*, 167 Ga. App. 151 (6) (305 SE2d 891) (1983).

The report prepared by the investigating officer contained the officer's opinions regarding the speed of the appellee's vehicle at the time of the collision, whether the appellee's vision had been obstructed, whether the appellee was under the influence of alcohol, and regarding the severity of the appellee's injury. "A document that is otherwise admissible as a business record may nevertheless be excluded from evidence if it contains opinions, conclusions or conjectures. [Cit.] The proffered incident report contains such objectionable material. Accordingly, the trial court did not err in excluding that report." *Luke v. Spicer*, 194 Ga. App. 183, 184 (2) (390 SE2d 267) (1990). Moreover, inasmuch as the police officer testified extensively about the matters contained in his report, any error in excluding the report was harmless. *Mabry v. Henley*, supra.

3. The appellee's action also asserted a simple negligence claim against Baldwin County Hospital. For that reason, the trial court disallowed the appellant's cross-examination of the appellee's expert witnesses regarding the professional standard of care applicable to nurses, and whether the nurses in this case deviated from that standard. The trial court emphasized, however, that the appellant was not precluded from exploring whether the nurses' conduct caused the appellee's injury.

"Regulation of the scope of cross-examination is within the sound discretion of the trial court and this discretion will not be controlled unless it is manifestly abused. [Cit.]" *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 547 (6) (309 SE2d 816) (1983). In the instant case, the trial court did not abuse its discretion in disallowing cross-examination of the expert witnesses regarding an irrelevant subject.

4. The appellant next contends that the trial court erred in excluding an affidavit given by the appellee's mother in a custody action between the appellee and his ex-wife over one year after the injury. The affidavit recalled the ex-wife's remark, made during the appellee's emergency room admission, that she intended to leave the appellee because she was tired of making more money than he did.

The appellant contends that the affidavit was admissible to show the intense family dynamic that existed on the night in question and which possibly interfered with the assessment of the appellee's neurological condition. However, the appellant fully explored that family tension, most of which centered around the appellee having been drinking and driving with his small child in the car, through the testimony of the appellee, his mother and ex-wife, and the appellant's own observations. He has not shown any harm from the exclusion of this evidence of the appellee's marital problems that preceded the injury.

5. The appellant also contends that the trial court erred in omitting several jury charges he requested. We find no error.

The trial court properly refused to give the requested charge that a medical malpractice defendant cannot be found negligent on the basis of hindsight if the initial assessment was made in accordance with reasonable standards of medical care. The evidence did not authorize such a charge in this case, where the issue was whether the appellant's initial assessment comported with the applicable standard of care based upon the information that was before him at the time of that assessment, and not on information that became available later. See *McCoy v. Alvista Care Home*, 194 Ga. App. 599 (391 SE2d 419) (1990).

The evidence likewise did not support the requested instruction that a difference of opinion as to operating techniques or medical judgments is insufficient to show malpractice where each procedure or judgment is an acceptable and customary medical approach, inasmuch as the dispositive issue in this case was whether the appellant's assessment and treatment of the appellee was an acceptable medical approach in the first place.

The trial court omitted several requested instructions concerning the basis of liability for medical malpractice and the burden of proof with regard to proximate causation but adequately covered those legal principles in its jury charge as given. Where the jury charge accurately states all the relevant principles of law, it need not be given in the exact language requested. *Swint v. Smith*, 204 Ga. App. 54 (2) (418 SE2d 375) (1992).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 15, 1994 —
RECONSIDERATION DENIED JULY 12, 1994 —

*Alston & Bird, Theodore E. G. Pound, Susan B. Devitt*, for appellant.
*Williams & Henry, Benjamin S. Williams, Phillip C. Henry, Sullivan, Hall, Booth & Smith, Henry D. Green, Jr.*, for appellee.