## A94A1226. PALMER v. TAYLOR.
### (451 SE2d 486)

RUFFIN, Judge.

This appeal arises out of a $20,000 jury verdict that appellee, Effie Taylor, received in an action for personal injuries against appellant Edward Palmer. Taylor alleged that Palmer caused her to have a heart attack by inflicting emotional distress when she attempted to deliver her grandchildren to her former daughter-in-law, Wendy Palmer, after a weekend visit and that he physically assaulted her during the incident.

1. Palmer enumerates as error the trial court's denial of his right to cross-examine Taylor's son as to the whereabouts of Wendy Palmer, a key eyewitness to the incident, and why Taylor had not subpoenaed Mrs. Palmer to trial. We disagree. After a long colloquy on the subject in the presence of the jury, the trial court held that who was present and who was absent from the trial was irrelevant to the case as was the issue of whether an individual knew the whereabouts of a witness who had not been subpoenaed. " 'Regulation of the scope of cross-examination is within the sound discretion of the trial court and this discretion will not be controlled unless it is manifestly abused. (Cit.)' [Cit.]" *Yuscavage v. Jones*, 213 Ga. App. 800, 802 (3) (446 SE2d 209) (1994). The trial court found that the subject matter of the cross-examination was irrelevant to the issues being tried, and thus its exclusion was not error. See *Russell v. Wickes Lumber*, 190

Ga. App. 16 (2) (378 SE2d 148) (1989) (trial court did not err in excluding evidence that did not bear directly upon the issues being tried).

2. Appellant also enumerates that the trial court erred in restricting his cross-examination of Taylor and her son as to whether they had attempted to intimidate an eyewitness to the incident, Wendy Palmer, in order to prevent her from testifying at trial. Appellant Palmer's attorney stated outside the presence of the jury, that Effie Taylor kept Wendy Palmer's children and that Wendy Palmer had called Edward Palmer to say that she did not wish to jeopardize her ability to see her children by coming to testify and aggravating Mrs. Taylor. The trial court considered the basis of the intimidation claim but determined that Wendy Palmer "simply did not want to come and testify," and restricted further inquiry.

Under OCGA § 24-9-62, the right of a witness to be protected from improper questions must be balanced against the right under OCGA § 24-9-64 to a thorough and sifting cross-examination. "This is within the trial judge's discretion and it will not be curtailed unless clearly abused. [Cit.]" *Carco Supply Co. v. Dick Clem, Master Plumber*, 194 Ga. App. 566, 567 (5) (391 SE2d 134) (1990). We can discern nothing in the colloquy that suggests an attempt to intimidate Wendy Palmer (see *Simmons v. State*, 155 Ga. App. 716, 717 (1) (272 SE2d 506) (1980)), and no abuse of discretion occurred here.

3. At trial, Palmer attempted to advance the theory that Taylor had fabricated the allegations against him in retaliation for his having instigated criminal charges against her son. He contends in two enumerations of error, that the trial court erred in instructing the jury that the accusation filed before a magistrate in another county had nothing to do with the case before them and in prohibiting him from cross-examining Taylor and her son as to whether the motive for bringing the instant suit was to retaliate for the prior criminal charges against her son. We disagree. The record establishes that the trial court gave Palmer sufficient latitude in this area. Palmer was allowed to ask Taylor what her motives were with regard to the case being tried, but was instructed by the court that he could not bring up the charges brought against her son in a separate court proceeding. "The right to cross-examination is not abridged where the examination is limited by the trial court to relevant matters by proper questioning. [Cit.]" *Prince v. Kujawa*, 178 Ga. App. 828, 830 (2) (344 SE2d 680) (1986).

4. The enumeration concerning cross-examination of Mrs. Taylor's husband as to what caused her heart attack has not been argued on appeal, and is thus deemed abandoned. Court of Appeals Rule 15 (c) (2).

5. Palmer contends the trial judge erred in prohibiting his cross-

examination of Taylor's husband to elicit prior inconsistent statements made to the husband by their son that contradicted the son's trial testimony. Review of the trial transcript reveals no error. The trial court sustained Taylor's hearsay objection to Palmer's question as to what the son told the husband. Since the testimony objected to was hearsay and came under no exception to the hearsay rule, it was properly excluded from evidence. See *Ballard v. Clayton County Hosp. Auth.*, 211 Ga. App. 300, 301 (1) (439 SE2d 672) (1993).

6. Relying on OCGA § 24-3-10, Palmer also contends that because Wendy Palmer was unavailable as a witness, the trial court should have permitted him to introduce her testimony into evidence from a former trial to contradict the testimony of Taylor and her son. " 'Before former testimony can be admitted the party offering it must show that the witness is inaccessible; and the question of inaccessibility is one for the determination of the trial court in the exercise of a sound discretion and the trial court's ruling will not be disturbed unless a manifest abuse of discretion has been shown.' [Cit.] The primary consideration on appeal is not whether this court agrees with the trial court's finding, but whether that finding constitutes an abuse of discretion. [Cit.]" *Kesler v. Veal*, 165 Ga. App. 475, 477-478 (4) (300 SE2d 217) (1983). We hold as we did in *Kesler*, that "[a]lthough the evidence would have authorized the contrary conclusion, we cannot state that the trial court abused its discretion. . . ." Id. at 478.

7. Palmer enumerates as error the trial court's denial of his motion for directed verdict. We disagree. "On appeal of a jury verdict and judgment, the party alleging error has the burden to show error affirmatively by the record, and when the burden is not met, the judgment is assumed to be correct and must be affirmed. [Cit.] A directed verdict is authorized only where there is no conflict in the evidence, and the evidence and all reasonable deductions therefrom *demand* a certain verdict (OCGA § 9-11-50 (a)). . . ." (Emphasis in original.) *Dick 'n Dale Systems v. Danwil Intl. Trading Co.*, 199 Ga. App. 840, 841 (406 SE2d 270) (1991). As the appellant has not met his burden of showing error affirmatively by the record and the evidence presented in this case was almost entirely conflicting, a directed verdict was not authorized.

8. Taylor has filed a motion for imposition of ten percent damages for a frivolous appeal pursuant to OCGA § 5-6-6. We cannot say the appeal is so patently without merit that it can be concluded it was filed only for purposes of delay, and we therefore deny the motion.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 22, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994 —

*James N. Finkelstein,* for appellant.
*Dorough & Sizemore, Kermit S. Dorough, Jr.,* for appellee.