A95A1483. COLLINS et al. v. KIAH.
(462 SE2d 158)

Smith, Judge.

Dr. Virginia Kiah, the widow of Dr. Calvin L. Kiah, filed a petition in the Probate Court of Chatham County to probate the will of her late husband in solemn form. The widow was named executrix in the will. Although the decedent's two sisters, Rodelia Collins and Cynthia Coleman, acknowledged service and assented to the probate, they filed a caveat alleging that Dr. Kiah was physically and mentally incapable of performing the duties of executrix. After a hearing, the probate court found that caveators had failed to carry their burden of proof. The court admitted the will to probate and issued letters testamentary to Dr. Kiah. The court then denied the caveators' motion to set aside the judgment and extraordinary motion for a new trial.

Collins and Coleman brought this appeal in the Supreme Court, which transferred it to this Court, finding that the appeal did not involve the validity or construction of a will within the meaning of

Art. VI, Sec. VI, Par. III (3) of the Georgia Constitution of 1983. *In re Estate of Lott*, 251 Ga. 461 (306 SE2d 920) (1983).

1. In several enumerations of error, the caveators contend the probate court erred in refusing to admit the deposition of Dr. Robert Brown. We do not agree.

Collins and Coleman admitted at the hearing that Dr. Brown, who had treated Dr. Virginia Kiah, was a resident of Chatham County and subject to subpoena. They did not subpoena Dr. Brown to testify at the hearing, relying on their announcement when they deposed him that the deposition was being taken "for the purpose of discovery, cross examination, and perpetuation of testimony for [the] hearing." Contrary to their argument, however, this stipulation was not agreed to by all parties. Rather, the estate, through counsel, vigorously opposed the entire deposition "in any form or fashion."

OCGA § 9-11-32 (a) (3) (E) provides that "[t]he deposition of a witness . . . may be used by any party for any purpose if the court finds . . . [t]hat because of the nature of the business or occupation of the witness it is not possible to secure his personal attendance without manifest inconvenience to the public or third persons[.]"

For a deposition to be admitted under OCGA § 9-11-32 (a) (3) (E), therefore, the court must make a finding that the nature of the witness's occupation would cause manifest inconvenience to others if the witness's attendance were required. In this case, the court refused to so find, stating that "doctors aren't any more important than anybody else" and "[t]heir work is not sacred." We cannot say the court erred as a matter of law in refusing to make such a finding. *Matthews v. Taylor*, 155 Ga. App. 2, 3 (1) (270 SE2d 247) (1980). Although the evidence would have authorized such a finding, it was not required. See generally *Palmer v. Taylor*, 215 Ga. App. 546, 548 (6) (451 SE2d 486) (1994).

The fact that depositions of physicians have been admitted in evidence under this Code section even when those physicians have been subject to the court's jurisdiction does not require a different result. See, e.g., *Atlanta Coca-Cola Bottling Co. v. Rosser*, 250 Ga. 52 (295 SE2d 827) (1982). The court may in its discretion admit depositions even when the witness is available to testify, as was done in *Rosser*, pursuant to OCGA § 9-11-32 (a) (4). It is not, however, required to do so.

2. In ruling on caveators' motion for new trial, the probate court also properly refused to consider a "report" from Dr. Thomas Stanley, a neurologist who treated Dr. Virginia Kiah. Collins and Coleman contend this "report," which consists of a one-paragraph letter sent to their counsel, was newly discovered evidence within the meaning of OCGA § 5-5-23.

To obtain a new trial on this basis, the evidence supporting the

motion must be admissible. *Leventhal v. Seiter*, 208 Ga. App. 158, 161-162 (2) (430 SE2d 378) (1993). The letter in issue, being unsworn and unauthenticated, is not admissible evidence.

Such evidence must also satisfy six criteria: (1) it must have been discovered after the trial or hearing; (2) its late discovery was not due to lack of diligence; (3) it is so material that its introduction in evidence would probably produce a different result; (4) it is not cumulative only; (5) the affidavit of the witness must be attached to the motion (or its absence accounted for); and (6) it does not operate only to impeach a witness. Id.

The letter fails to satisfy these other criteria. It is dated one day prior to the hearing and recites that it is sent to caveators' counsel in response to their telephone call. Since the letter itself shows that caveators' counsel contacted Dr. Stanley before the hearing, the letter cannot be "newly discovered" evidence. Although the letter may have been received later, the record demonstrates caveators' awareness at least two days prior to the hearing that Dr. Stanley treated Dr. Kiah; this fact was elicited during Dr. Brown's deposition. The probate court did not err in denying the motion for new trial on the ground of newly discovered evidence.

3. Collins and Coleman also complain of the probate court's refusal to grant their motion for a continuance requested in order to subpoena Dr. Brown and Dr. Stanley after Dr. Brown's deposition was excluded from evidence.

Requests for continuance are addressed to the court's sound discretion. OCGA § 9-10-167 (a). That discretion will not be controlled absent a showing of abuse. *Payton v. Green*, 179 Ga. App. 438, 439 (346 SE2d 884) (1986). Given that the caveators demonstrated a lack of diligence in failing to subpoena the doctors despite knowledge that they had treated Dr. Kiah, we cannot say the probate court abused its discretion in denying the motion for continuance.

4. Caveators contend the probate court erred in refusing to compel Dr. Kiah to produce documents covered by a properly issued subpoena. The subpoena in issue was served on Dr. Kiah at approximately 7:00 p.m. the evening before the hearing and covered numerous documents. Dr. Kiah moved to quash the subpoena on the ground that it was unreasonable and oppressive. The probate court denied the motion to quash "without prejudice to Virginia Kiah" and refused to compel Dr. Kiah to produce the documents.

OCGA § 24-10-25 (a) provides that in considering enforcement of subpoenas, a court shall consider "whether under the circumstances of each case the subpoena was served within a reasonable time, but in any event not less than 24 hours prior to the time that appearance thereunder was required." The subpoena in this case was served less than 24 hours prior to the hearing. Moreover, several of the docu-

ments either did not exist, were not in the possession of Dr. Kiah, or covered items not relevant to the estate or Dr. Kiah's capacity to serve as executrix. The probate court did not err in refusing to enforce the subpoena.

5. Caveators' remaining enumerations of error lack merit.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED AUGUST 25, 1995 —
RECONSIDERATION DENIED SEPTEMBER 12, 1995.

*Lester B. Johnson III*, for appellants.
*David Roberson*, for appellee.